NEMATZADEH PLLC
Justin Solomon Nematzadeh, Esq.
184 Thompson Street, 6H
New York, NY 10012
Tel: (917) 836-3974
Email: justin.nematzadeh@gmail.com

BERGER MONTAGUE PC
Sherrie R. Savett
Michael Dell'Angelo
Andrew Abramowitz
Donnell Much
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
        mdellangelo@bm.net
        aabramowitz@bm.net
        dmuch@bm.net

*Attorneys for Proposed Lead Plaintiff*
*Jason Raffin*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANAAN INC., NANGENG ZHANG, and TONG HE,<br><br>Defendants. | Case No. 1:21-cv-03299-JPC<br><br>CLASS ACTION<br><br>Hon. John P. Cronan<br>Courtroom 12D |

## MEMORANDUM OF LAW IN SUPPORT OF MOVANT
## JASON RAFFIN'S MOTION FOR APPOINTMENT AS
## <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 4

        A.      The PSLRA Standard for Appointing Lead Plaintiff ............................................. 4

        B.      Movant Is The "Most Adequate Plaintiff" ............................................................. 5

                1.      Movant's Motion Is Timely ........................................................................ 5

                2.      Movant Has A Substantial Financial Interest ............................................. 6

                3.      Movant Satisfies Rule 23's Typicality and Adequacy Requirements ......... 6

                        a.      Movant's Claims Are Typical of Those of the Class ...................... 7

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 .............. 7

II.     MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 8

CONCLUSION ........................................................................................................................ 10

i

## TABLE OF AUTHORITIES

<u>Case</u>                                                                                                                                  <u>Page(s)</u>

*Faig v. Bioscrip, Inc.*,
No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................. 7

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*,
No. 08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ....................................... 7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................ 8, 9

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................. 7

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ................................... 6

*Kemp v. Universal Am. Fin. Corp.*,
No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ..................................... 6

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016) ..................................................................................... 6

*Martingano v. Am. Int'l Grp., Inc.*,
No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ............................... 5

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................. 5, 7

*Randall v. Fifth St. Fin. Corp.*,
No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ........................................ 6

*Tan v. NIO, Inc.*,
No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ........................ 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ....................... 6

<u>Statutes</u>

15 U.S.C. § 78u-4(a)(1) ............................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................. 4, 5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ................................................................................................ 8

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................. 1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................. 6, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................................ 5, 8

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................. 2, 8

Rules

Rule 23(a) ................................................................................................................................. 7
Rule 23(a)(4) ........................................................................................................................... 7

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ............................ 9

Proposed Lead Plaintiff Jason Raffin ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of Movant's Motion for the entry of an Order: (i) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the American Depositary Receipts ("ADRs") of Canaan Inc. ("Canaan" or the "Company") between February 10, 2021, and April 9, 2021, both dates inclusive ("Class Period"); (ii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel and Nematzadeh PLLC ("Nematzadeh") as Local Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all persons and entities who acquired Canaan ADRs during the Class Period ("Class") and who were damaged as a result of Defendants' alleged fraud.[1] This action ("Action") alleges violations of Sections 10(b) and 20(a) of the Exchange Act against Canaan, Nangeng Zhang, and Tong He (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

---

[1] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit A to the Declaration of Justin Solomon Nematzadeh, Esq. ("Nematzadeh Decl."), submitted concurrently herewith.

Movant Jason Raffin respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  On his Class Period transactions in Canaan ADRs, Movant incurred losses of $51,417.57 on both a first-in-first-out ("FIFO") and last-in-first-out ("LIFO") basis.  Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' alleged violations of federal securities laws.

Further, Movant satisfies the Rule 23 typicality and adequacy requirements: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel and Nematzadeh as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Berger Montague is a nationally recognized leader representing investors in shareholder litigation and securities class actions for nearly fifty years and has the expertise and resources necessary to handle this complex litigation. And Nematzadeh has the expertise and resources necessary to handle all Local Counsel responsibilities arising in complex litigation.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel and Local Counsel.

## FACTUAL BACKGROUND

Canaan, headquartered in Hangzhon, China, designs, manufactures, and sells bitcoin-mining machines, primarily in the People's Republic of China ("PRC").  It is organized under

2

Cayman Islands law, and its ADRs are listed on the NASDAQ.

On February 9, 2021 – six weeks after the end of its fiscal year 2020 – Canaan announced that its former Chief Financial Officer ("CFO"), Quanfu Hong ("Hong"), had abruptly resigned, effective immediately, citing only "personal reasons." The next day, February 10, 2021, Canaan issued a press release announcing that its "revenue visibility ha[d] improved substantially." This announcement included other positive statements about the Company's visibility into increases in the size and quality of the orders that Canaan had been receiving. Such statements only heightened investor expectations previously raised by Hong, who, on November 30, 2020, stated that "the demand for mining machines in the market continued to rebound during the third quarter" and that Canaan had "received a large number of pre-sale orders which [were] scheduled for delivery starting in the fourth quarter of 2020." These statements drove up the price of Canaan ADRs *nearly 90 percent*, from an opening price of $6.91 per ADR on Monday February 8, 2021, to a closing price of $13.04 per ADR on Friday February 12.

Defendants' statements during the Class Period regarding the Company's business metrics and financial prospects are alleged to be materially false and misleading in that they concealed persistent supply-chain disruptions and the introduction of Canaan's next-generation A12 series bitcoin-mining machines, which were adversely impacting the sale of the Company's older product offerings. Consequently, Canaan's fourth-quarter 2020 sales had declined more than 93 percent year-over-year compared to fourth-quarter 2019 sales and more than 93 percent compared to third-quarter 2020 sales.

On Monday, April 12, 2021, before the opening of trading, Canaan issued a press release finally disclosing its actual fourth-quarter and full-year 2020 financial results for the period ended December 31, 2020, which revealed a 93 percent year-over-year decrease in computing power sold

3

and net revenues for the quarter.  On this news, the market price of Canaan ADRs collapsed, falling

from a closing price of $18.67 per ADR on April 9, 2021, to close at $13.14 per ADR on April 12,

2021 – a decline of nearly 30%, on abnormally high volume of approximately 60 million ADRs

trading (more than three times the average daily volume over the preceding ten trading days).

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that he should be appointed Lead Plaintiff because he filed

the instant Motion in a timely manner, has a substantial – if not the largest – financial interest in

this litigation, and satisfies the Rule 23 typicality and adequacy requirements.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff

for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(1); *see also*

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).

First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies

that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or
> plaintiffs shall cause to be published, in a widely circulated national business-
> oriented publication or wire service, a notice advising members of the purported
> plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein,
> > and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice
> > is published, any member of the purported class may move the court
> > to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court is to adopt a presumption that the "most adequate plaintiff" is the person or group of persons who (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the Rule 23 requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, No. 06CV1625(JG)(JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006).

Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.  Movant Is The "Most Adequate Plaintiff"

#### 1.  Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely circulated, business-oriented news wire service, on April 15, 2021. *See* Nematzadeh Decl., Ex. B (Notice). Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before June 14, 2021. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied

5

the procedural requirements of the PSLRA.

### 2.     Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Movant has incurred a substantial loss of $51,417.57 on a FIFO and LIFO basis on his Class Period transactions in Canaan ADRs. *See* Nematzadeh Decl., Ex. C (Loss Analysis); *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LAK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.     Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

### a.   Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all Class members, Movant alleges that, in violation of the federal securities laws, Defendants falsely portrayed, without limitation, their visibility into Canaan's revenues, their ability to more precisely forecast revenues, and the state of the Company's orders for its bitcoin-mining machines. Like all Class members, Movant purchased Canaan ADRs in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b.   Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement. The Rule 23(a)(4) adequacy of representation requirement is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *8

(S.D.N.Y. Jan. 5, 2009)).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has the resources and motivation sufficient to pursue the Action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other Class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. And Movant has selected and retained experienced counsel, Berger Montague, with a more than fifty-year record of prosecuting securities class actions vigorously and efficiently, and Nematzadeh. *See infra* Section II. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members; rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this Action to ensure vigorous prosecution for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the PSLRA requirements for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Canaan investors here.

## II.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201,

276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague as Lead Counsel to represent the Class. Berger Montague, since its founding in 1970, has been at the forefront of securities litigation, corporate governance, and shareholder advocacy. It continues to be recognized as one of the nation's preeminent law firms representing state, municipal, international, and union pension plans, along with other institutional and individual investors, in complex federal and state securities matters. With its long record of success in securities litigation, Berger Montague has achieved many of the largest securities recoveries since Congress enacted the PSLRA, and it advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally.

Berger Montague has served as lead or co-lead counsel in numerous major securities class actions, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including the following: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). Details regarding the firm and the skills and experience of its attorneys in securities litigation, as well as other types of shareholder and

9

class litigation, are set forth in detail at: www.bergermontague.com.

Movant selected Nematzadeh PLLC as Local Counsel, a law firm that Justin Solomon Nematzadeh ("Justin Nematzadeh") founded in June 2021. The law firm specializes in sophisticated civil litigation with a focus on representing plaintiffs in complex class actions in the areas of securities fraud, antitrust, and other matters. Justin Nematzadeh played an important role as part of the lead counsel team in the *In re Petrobras Securities Litigation* (S.D.N.Y.), while practicing at Pomerantz LLP; in 2018, lead counsel secured a historic $3 billion settlement on behalf of the class. And throughout his career, Justin Nematzadeh has played roles as part of lead counsel teams representing plaintiffs in several class and individual actions that have achieved recoveries amounting to over $300 million in total. In 2018, Justin Nematzadeh was honored as a Rising Star under 40 years of age by Law360® in Class Actions, a prestigious award given to a select few "top litigators and dealmakers practicing at a level usually seen from veteran attorneys." He has also been honored by Lawyers of Distinction® in securities law and by Super Lawyers® as a Rising Star in antitrust and securities law. Justin Netmatzadeh began his legal career as an associate at Gibson, Dunn & Crutcher LLP, a world-renowned litigation powerhouse, where he practiced for several years before focusing on representing plaintiffs.[2]

In light of the foregoing, by approving Movant's selection of Berger Montague as Lead Counsel and Nematzadeh as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (i) appointing Movant Jason Raffin as Lead Plaintiff; (ii) approving Movant's

---

[2]    Berger Montague and Nematzadeh's firm resumes are available upon the Court's request.

10

selection of Berger Montague as Lead Counsel and Nematzadeh as Local Counsel for the Class;

and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: June 14, 2021                          Respectfully submitted,

/s/ *Justin Solomon Nematzadeh*
NEMATZADEH PLLC
Justin Solomon Nematzadeh
184 Thompson Street, 6H
New York, NY 10012
Tel: (917) 836-3974
Email: justin.nematzadeh@gmail.com

Sherrie R. Savett
Michael Dell'Angelo
Andrew Abramowitz
Donnell Much
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
        mdellangelo@bm.net
        aabramowitz@bm.net
        dmuch@bm.net

***Attorneys for Lead Plaintiff Movant Jason Raffin
and Proposed Lead Counsel for the Class***

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ *Justin Solomon Nematzadeh*
Justin Solomon Nematzadeh

12