**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JASON DENNY, Individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br> v. <br><br> CANAAN INC., NANGENG ZHANG and TONG HE, <br><br>       Defendants. | Case No.: 1:21-cv-03299-JPC <br><br> Hon. John P. Cronan |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL RICHARDS'**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ..................................................................................... 2

II.    PROCEDURAL HISTORY ...................................................................................... 3

III.   ARGUMENT ............................................................................................................ 4

   A.    Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 4

      1.  Movant Filed a Timely Motion. ................................................................ 5

      2.  Movant Has the Largest Financial Interest in the Relief Sought. ............. 6

      3.  Movant Satisfies the Relevant Requirements of Rule 23. ......................... 6

         a.    Movant's Claims Are Typical. ........................................................ 7

         b.    Movant Is An Adequate Representative. ........................................ 7

   B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................... 8

IV.    CONCLUSION ......................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................. 5, 6

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001)................................................................................................ 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 8

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
   2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ........................................................... 9

*Deinnocentis v. Dropbox, Inc.*
   , 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)................................................... 9

*Ford v. VOXX Int'l Corp.,*
   No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 7

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................ 7

*In re Hebron Tech. Co. Sec. Litig.,*
   C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 7

*Nickerson v. American Electric Power Company, Inc., et al.,*
   No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020)................................................... 9

*Snyder v. Baozun Inc.,*
   2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)......................................................... 9

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... passim

**Rules**

FED. R. CIV. P. 23................................................................................................... 1, 5, 7

Paul Richards ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all purchasers of Canaan Inc. ("Canaan" or the "Company") American Depositary Receipts ("ADRs") between February 10, 2021 and April 9, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5, against Defendants Canaan, Nangeng Zhang ("Zhang"), and Tong He ("He") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Canaan is headquartered in Hangzhon Peoples Republic of China (the "PRC"), organized under the laws of the Cayman Islands, and its ADRs are listed and trade on the NASDAQ Global Market ("NASDAQ"). ¶ 2. The Company designs, manufactures and sells bitcoin mining machines, primarily in the PRC. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's prospects and business. ¶ 25. Specifically, Defendants failed to disclose to investors that: (a) Canaan had experienced significant ongoing supply chain disruptions during the 4Q20; (b) the introduction of Canaan's next-generation A12 series bitcoin mining machines had cannibalized sales of the older product offerings during the 4Q20; (c) as a result of the foregoing, Canaan's 4Q20 sales and sales revenues had declined dramatically; and (d) as a result of the foregoing Canaan was not on track to achieve the strong financial prospects it had led the market to believe. *Id.*

Throughout the Class Period, Canaan repeatedly touted its revenue visibility and made various positive statements about purported visibility into increases in the size and quality of orders the Company had been receiving. ¶¶ 22-24. These statements were heralded by the investment community in light of former CFO Hong's statements on November 30, 2020 that "the demand for mining machines in the market continued to rebound during the third quarter, and" that Canaan had "received *a large number of pre-sale orders which [were] scheduled for delivery starting in the fourth quarter of 2020*" ("4Q20"). *Id.* As expected, the market reacted positively to these

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Denny* Complaint") filed in the action styled *Denny v. Canaan Inc., et. al.,* Case No. 1:21-cv-03299-JPC (the "*Denny* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Denny* Complaint. The facts set forth in the *Denny* Complaint are incorporated herein by reference.

statements, driving up the market price of Canaan ADRs from their open of $6.91 each on Monday, February 8th to close on Friday, February 12th at $13.04 each, ***an increase of nearly 90%. Id.***

Then on April 12, 2021, the truth was revealed when the Company issued a press release disclosing its actual 4Q20 and FY20 financial results for the period ended December 31, 2020. ¶ 26. The press release revealed that Canaan's total computing power sold and total net revenues greatly decreased due to supply chain disruptions and the mass production of the next generation A12 series machines. *Id.* During a conference call held with investors to discuss these results, Canaan's Secretary to the Board of Directors, Shaoke Li, translating for defendant Zhang, stated that Canaan had experienced "a severe supply shortage" of "mining machine" chips during the 4Q20. ¶ 27. Further, Li stated, again translating for defendant Zhang, that the older machines that were sold during the 4Q20 were sold for lower prices than the newer machines the Company was then receiving pre-orders for. *Id.* This price drop for Canaan mining machines occurred despite defendants' previous statements to investors that the price of bitcoin mining machines typically increased with the price of bitcoin, which had risen dramatically in the 4Q20. *Id.*

In response to this news, the market price of Canaan ADRs collapsed from their close of $18.67 per ADR on April 9, 2021 to close on the next trading day, April 12, 2021 at $13.14 per ADR, ***a decrease of nearly 30%***, on unusually high volume of more than three times the average daily volume, or approximately 60 million ADRs trading over the preceding ten trading days. ¶ 28.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Jason Denny ("Denny") commenced the above-captioned action on April 15, 2021. On that same day, counsel acting on Denny's behalf published a notice on *Business Wire* announcing that a

securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $479,001.10 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.      Movant Filed a Timely Motion.

On April 15, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Denny published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service— announcing that a securities class action had been filed against defendants herein and advising purchasers of Canaan ADRs that they had 60 days from the publication of the April 15, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Hopkins Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the April 15, 2021 Press Release and submitted herewith a sworn certification attaching his transactions in Canaan ADRs and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Hopkins Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.      Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Canaan ADRs at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $479,001.10. *See* Hopkins Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.      Movant Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

6

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Canaan's business and prospects violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Canaan ADRs during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead

plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Hopkins Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor, having been investing in the stock market for 12 years. He resides in Windermere, Florida, has taken several college courses, and possesses various licenses in mechanical contracting. Movant is a U.S. Army Veteran and a successful businessman. He is currently employed as the owner and CEO of Armstrong Air & Heating Inc. ("Armstrong"). Armstrong has been in business since 1994 and employs almost 200 employees. In his capacity as owner and CEO of Armstrong, Movant has worked with countless attorneys for routine business matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

8

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: June 14, 2021

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By:  /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Paul Richards and*
*[Proposed] Lead Counsel for the Class*

10