**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CANAAN INC., NANGENG ZHANG, AND TONG HE, <br><br> Defendants. | Case No. 1:21-cv-03299-JPC <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM IN SUPPORT OF MANU GANDHI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**INTRODUCTION**

Before this Court is a securities class action brought on behalf of purchasers of Canaan, Inc. ("Canaan" or the "Company") securities between February 10, 2021 and April 9, 2021, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Manu Gandhi hereby moves this Court for an order: (i) appointing Mr. Gandhi as Lead Plaintiff; and (ii) approving of his selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Gandhi is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class. Mr. Gandhi's claims are also typical of the claims of the putative class, and he will fairly and adequately represent the interests of the class. Mr. Gandhi is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should appoint Mr. Gandhi as Lead Plaintiff and approve of his selection of Block & Leviton as Lead Counsel.

**FACTUAL BACKGROUND[1]**

Canaan purports to design, manufacture, and sell bitcoin mining machines, primarily in the Peoples Republic of China. ¶ 2. Canaan's American Depositary Receipts ("ADRs") trade on the NASDAQ Global Market. *Id.* Canaan's fiscal year 2020 ended on December 31, 2020. ¶ 3. On February 9, 2021, Canaan announced that its former Chief Financial Officer, Quanfu Hong, had suddenly resigned effective immediately, providing no explanation as to why and citing only

---

[1] The facts are taken from the Complaint for of the Federal Securities Laws, ECF No. 1. References to "¶" refer to paragraphs of that Complaint.

"personal reasons." *Id.* The next day, February 10, 2021, Canaan issued a press release announcing that its "revenue visibility ha[d] improved substantially" and making other positive statements about purported visibility into increases in the size and quality of orders Canaan had been receiving. *Id.* These statements were heralded by the investment community in light of former CFO Hong's statements on November 30, 2020 that "the demand for mining machines in the market continued to rebound during the third quarter, and" that Canaan had "received a large number of pre-sale orders which [were] scheduled for delivery starting in the fourth quarter of 2020." *Id.* The market reacted positively to these statements, and the price of Canaan's ADRs increased from their open of $6.91 on Monday, February 8, 2021, to a close of $13.04 on Friday, February 12, 2021, an increase of nearly 90%. *Id.*

The statements Canaan issued during the Class Period about the Company's business metrics and financial prospects were materially false and misleading in that they concealed that due to ongoing supply chain disruptions and the introduction of the Company's next-generation A12 series bitcoin mining machines, which had cannibalized sales of the older product offerings, Canaan's fourth quarter 2020 sales had declined over 93% year-over-year compared to its fourth quarter 2019 sales, and mover 93% year-over-year compared to its third quarter 2020 sales. ¶ 4. Indeed, Canaan's fourth quarter 2020 total net revenues had decreased to RMB38.2 million ($5.9 million USD) from RMB463.2 million in the fourth quarter of 2019 and RMB163.0 million in the third quarter of 2020. *Id.*

Canaan disclosed these results in a press release issued before the opening of trading on Monday, April 12, 2021. ¶ 5. On this news, the price of Canaan ADRs collapsed from their April 9, 2021 close of $18.67 each to close at just $13.14 each on April 12, 2021, a decline of nearly 30%, on unusually high trading volume. *Id.*

This lawsuit alleges that Defendants[2] made false and/or misleading statements and/or failed to disclose that: (i) Canaan had experienced significant, ongoing supply chain disruptions during the fourth quarter of 2020; (ii) the introduction of Canaan's next-generation A12 series bitcoin mining machines had cannibalized sales of the older product offerings during the fourth quarter of 2020; (iii) as a result of the foregoing, Canaan's fourth quarter 2020 sales and sales revenues had declined dramatically; and (iv) as a result of the foregoing, Canaan was not on track to achieve the strong financial prospects that it had let the market to believe. ¶¶ 1, 25.

## ARGUMENT

### I.    The Court Should Appoint Mr. Gandhi as Lead Plaintiff.

#### A.    The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, June 14, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of

---

[2] Defendants in these actions are Canaan, Nangeng Zhang (Canaan's CEO and Board Chairman), and Tong He (Canaan's CFO since approximately February 9, 2021). ¶¶ 10-12.

class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.      Mr. Gandhi Has Timely Moved for Lead Plaintiff Appointment

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Gandhi timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Gandhi has signed a certification pursuant to the PSLRA. *See* Block Decl.,[3] Ex. B. Mr. Gandhi has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. E.

### C.      Mr. Gandhi Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, Mr. Gandhi's accompanying signed certification and loss chart, Mr. Gandhi's estimated losses based on his end of class period holdings are approximately $151,418.29 on his class period transactions in Canaan securities. *See* Block Decl., Exs. B, C. At the time of this filing, Mr. Gandhi believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

### D.      Mr. Gandhi Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.

---

[3] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

§78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Gandhi's claims are typical because, like all members of the class, he purchased or otherwise acquired Canaan securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Gandhi's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Mr. Gandhi is also an adequate representative for the proposed class. Mr. Gandhi's substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the class. Mr. Gandhi has submitted a sworn declaration detailing his education, employment, and investment experience, and attesting to his understanding and willingness to fulfill the obligations of a lead plaintiff. Block Decl., Ex. D. Furthermore, Mr. Gandhi has selected highly experienced counsel committed to zealously and efficiently prosecuting this action to a

successful conclusion. *See* Block Decl., Ex. E. Thus, Mr. Gandhi satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Gandhi is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him as Lead Plaintiff.

**II.    The Court Should Approve of Mr. Gandhi's Selection of Counsel**

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Gandhi has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl., Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Mr. Gandhi's selection of Block & Leviton as Lead Counsel.

**CONCLUSION**

For the foregoing reasons, Mr. Gandhi respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) approve of his selection of Block & Leviton LLP as Lead Counsel; and (iii) grant such other relief as the Court may deem just and proper.

Dated: June 14, 2021                              Respectfully submitted,

                                                  */s/ Jeffrey C. Block*
                                                  Jeffrey C. Block
                                                  **BLOCK & LEVITON LLP**
                                                  260 Franklin St., Suite 1860
                                                  Boston, MA 02110
                                                  (617) 398-5600 phone
                                                  (617) 507-6020 fax
                                                  jeff@blockleviton.com

                                                  *Counsel for Mr. Gandhi and*
                                                  *Proposed Lead Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*
Jeffrey C. Block

9