**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CANAAN INC., NANGENG ZHANG, and TONG HE,<br><br>      Defendants. | Case No. 1:21-cv-03299-JPC<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT XIANFENG ZENG AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**

Class member Xianfeng Zeng ("Mr. Zeng" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions between February 10, 2021 and April 9, 2021 (the "Class Period") concerning the Company's financial performance and business prospects. Specifically, the complaint challenges the Company's positive statements concerning the size and quality of orders Canaan had been receiving, while concurrently concealing that sales were significantly declining due to ongoing supply chain disruptions and the introduction of Canaan's next-generation A12 series bitcoin mining machines which had cannibalized sales of the older product offerings.  When the truth emerged on Canaan's disclosure of its dismal 4Q20 and fiscal year 2020 financial results, the price of Canaan's shares declined sharply, giving rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in

this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant, a Director & Chief Scientist for an artificial intelligence lab, who resides in Cupertino, California and has over 20 years of investment experience, respectfully submits that he is the "most adequate plaintiff" under the PSLRA's provisions and should be appointed Lead Plaintiff.  First, Movant's motion is timely and he believes that he has the largest financial interest in this action by virtue of his substantial investments in Canaan Inc. ("Canaan" or the "Company") throughout the Class Period.  As described in the certification and loss chart attached to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Movant as Lead Plaintiff and to Approve Selection of Lead Counsel at Exs. A and B ("Gilmore Decl."), Movant expended $1,739,811.90 purchasing 81,847 Canaan securities on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $222,311.72.

In addition to asserting the largest financial interest in this litigation, Movant also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.  Movant fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.  *See* Movant's Certification, Gilmore Decl., Ex. A.

Movant has also demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class.  Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors.  Hagens Berman is qualified to prosecute this case and has extensive

experience in similar securities fraud class actions, including in this District. *See* Hagens Berman's Firm Résumé, Gilmore Decl., Ex. E.

Accordingly, based on Movant's significant financial interest and his commitment and ability to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    FACTUAL BACKGROUND

Canaan designs, manufactures, and sells bitcoin mining machines, primarily in the Peoples Republic of China ("PRC"). The Company is organized under the laws of the Cayman Islands, headquartered in Hangzhou PRC and its ADRs are listed and trade on the NASDAQ Global Market ("NASDAQ").

On February 9, 2021, one day prior to the Class Period, Canaan announced that its Chief Financial Officer, Quanfu Hong, had suddenly resigned effective immediately, providing no explanation as to why and citing only personal reasons. The Class Period begins on February 10, 2021, when Canaan issued a press release announcing that its revenue visibility ha[d] improved substantially and making other positive statements about purported visibility into increases in the size and quality of orders Canaan had been receiving. The market reacted positively to Canaan's statements, driving up the market price of Canaan ADRs by nearly 90%.

The complaint alleges that Canaan's February 8th statements and other statements Canaan issued during the Class Period about Canaan's business metrics and financial prospects were materially false and misleading. Specifically, the complaint alleges that Defendants concealed that Canaan's fourth quarter of fiscal year 2020 (4Q20) sales had declined more than 93% year-over-year compared to its fourth quarter fiscal year 2019 (4Q19) sales and more than 93% quarter-over-quarter compared to its third quarter of fiscal year 2020 (3Q20) sales due to

3

ongoing supply chain disruptions and the introduction of Canaan's next-generation A12 series bitcoin mining machines which had cannibalized sales of the older product offerings.

The truth emerged on April 12, 2021 when, before the opening of trading, Canaan issued a press release disclosing its actual 4Q20 and fiscal year 2020 financial results for the period ended December 31, 2020, including a 93% year-over-year decrease in computing power sold and net revenues for the quarter. On this news, the market price of Canaan ADRs collapsed from a close of $18.67 per ADR on April 9, 2021 to a close of $13.14 per ADR on April 12, 2021, a decline of nearly 30% on unusually high volume, damaging investors such as Movant and other class members.

### III.    ARGUMENT

**A.    Movant Should Be Appointed Lead Plaintiff**

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**1.    Movant's Motion is Timely**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On April 15, 2021, the above-captioned action was filed in this District.  The same day, a notice of pendency of the above-captioned action was

published on *BusinessWire*, alerting investors that the deadline to seek Lead Plaintiff status is June 14, 2021. *See* Notice of Pendency, Gilmore Decl., Ex. D. Accordingly, Movant satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2.    Movant has the Largest Financial Interest in the Relief Sought by the Class

Although the PSLRA does not define the "largest financial interest," "courts have generally relied on" four factors identified in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), commonly known as "the *Lax* factors." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). The four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Richman*, 274 F.R.D. at 475. "Courts tend to treat the factors in ascending order of importance, with the number of shares purchased as the least important and the size of the loss the most important, but each factor is 'only a proxy — and an imperfect one — for determining' which applicant for lead plaintiff has 'the largest financial interest.'" *Cortina v. Anavex Life Scis. Corp.*, 2016 WL 1337305, at *1 (S.D.N.Y. Apr. 5, 2016) (Furman, J.), citing *Richman*, 274 F.R.D. at 476.

During the Class Period, Movant expended $1,739,811.90 purchasing 81,847 Canaan shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $222,311.72. *See* Movant's Certification and Loss Chart, Gilmore Decl., Exs. A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

"Significantly, as part of a PSLRA lead plaintiff motion, '[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.'" *Cortina*, 2016 WL 1337305, at *2, quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252-53 (S.D.N.Y. 2003).

Here, Movant satisfies the typicality requirement because Movant's claims arise from the same course of events and he makes similar legal arguments to prove Defendants' liability as the other putative class members. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y.2009). "Like the other members of the class, [Mr. Zeng] seeks recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions with respect to the [problems at the Project], whose revelation resulted in declines in the price of [Canaan] securities." *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015).

Likewise, Movant satisfies the adequacy requirement. Movant, who resides in Cupertino, California, and heads an artificial intelligence lab, is an experienced investor. *See* Movant's Declaration, Gilmore Decl., Ex. C. Moreover, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. *See* Gilmore Decl., Ex. E. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Additionally, Movant has submitted a declaration and a signed Certification demonstrating the significant losses he has incurred and his sufficient interest in the outcome of this litigation, which will ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A, C.

**B.    The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead

6

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *see also Fries v. N. Oil & Gas, Inc.*, 2017 WL 1880819, at *4 (S.D.N.Y. May 8, 2017) (*citing Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)). Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d at 625 (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: June 14, 2021

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Nathaniel A. Tarnor*
        NATHANIEL A. TARNOR

322 8th Avenue, Suite 802
New York, NY  10001
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
Wesley A. Wong
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Xianfeng Zeng*

8

## CERTIFICATE OF SERVICE

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR
