**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CANAAN INC., NANGENG ZHANG and TONG HE,<br><br>　　　　　　　Defendants. | 1:21-cv-03299-JPC<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF SHOLIM AND FANNY GINSBURG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**

Sholim and Fanny Ginsburg (the "Ginsburgs") respectfully submit this memorandum of law in support of their motion for:

(a) appointment as Lead Plaintiffs, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this district is the above-captioned securities class action (the "Action"), which asserts violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of the American Depositary Receipts ("ADRs") of Canaan Inc. ("Canaan" or the "Company") between February 10, 2021 and April 9, 2021, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, the Ginsburgs satisfy these requirements. The Ginsburgs are a married couple and residents of Florida. Mr. Ginsburg, the primary investment decision-maker, including in the couple's Canaan investments, has over 40 years of investing experience and has a Master of Science in Mathematics. The Ginsburgs lost $285,755.34 on their transactions in Canaan securities. The Ginsburgs believe that this substantial loss is the largest financial loss in the litigation and that their sizable financial interest will ensure their vigorous

prosecution of the Class's claims. Second, the Ginsburgs satisfy Federal Rules 23(a)(3) and (a)(4), as their claims are typical of the claims of the Class, they have no interests that are antagonistic to the Class, and they will fairly and adequately represent the interests of the Class. Additionally, the Ginsburgs have selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, the Ginsburgs respectfully request that the Court grant their motion to appoint them as Lead Plaintiffs, and to approve their selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF ALLEGATIONS

Canaan designs, manufactures and sells bitcoin mining machines, primarily in the Peoples Republic of China.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants failed to disclose to investors that: (1) Canaan had experienced significant supply chain disruptions during the 4Q20; (2) the introduction of Canaan's next-generation A12 series bitcoin mining machines had cannibalized sales of the older product offerings during the 4Q20; (3) as a result of the foregoing, Canaan's 4Q20 sales and sales revenue had declined dramatically; and (4) as a result of the foregoing, Canaan was not on track to achieve the strong financial prospects it had led the market to believe.

On April 12, 2021, before the opening of trading, Canaan issued a press release disclosing its actual 4Q20 and FY20 financial results for the period ended December 31, 2020. The release stated, among other things, that: (i) total computing power sold had decreased year-over-year by 93.1%; (ii) total net revenues decreased to RMB38.2 million (US$5.9 million) from

RMB463.2 million in the same period of 2019 and RMB163.0 million in the third quarter of 2020; and (iii) supply chain disruptions caused by the outbreak of COVID-19 negatively impacted the Company's revenues.

During the conference call also held on April 12, 2021, Canaan's Secretary to the Board of Directors, Shaoke Li, translating for Defendant Nangeng Zhang, stated that Canaan had experienced "a severe supply shortage" of "mining machine" chips during the 4Q2020. Li also stated, again translating for Defendant Zhang, that the older machines that were sold during 4Q20 were sold for lower prices than the newer machines the Company was then receiving pre-orders for.

On this news, the market price of Canaan ADRs collapsed from their close of $18.67 per ADR on April 9, 2021 to close at $13.14 per ADR on April 12, 2021, a decline of nearly 30%, on unusually high volume.

## ARGUMENT

## I.    THE COURT SHOULD APPOINT THE GINSBURGS AS LEAD PLAINTIFFS

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class

3

members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, the Ginsburgs meet the foregoing criteria, and therefore are entitled to the presumption of being the "most adequate plaintiff[s]" of the Class.

**B.      The Ginsburgs are the Most Adequate Plaintiffs**

The Ginsburgs respectfully submit that they are presumptively the "most adequate plaintiff[s]" because they have made a motion in response to an Early Notice, believe that they have the largest financial interest in the relief sought by the Class, and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

### 1.   The Ginsburgs' Motion is Timely

On April 15, 2021, Robbins Geller Rudman & Dowd LLP published the Early Notice via *Business Wire*. *See* Declaration of Laurence J. Hasson ("Hasson Decl."), Ex. A.  Accordingly, putative class members had until June 14, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

The Ginsburgs have timely filed their motion in response to the Early Notice. Additionally, they have filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to their review of the complaint in the Action and their willingness to serve as representatives of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl., Ex. B. Accordingly, the Ginsburgs satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### 2.   The Ginsburgs Believe That They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Ginsburgs suffered a substantial loss of $285,755.34 in connection with their transactions in Canaan securities. *See* Hasson Decl., Ex. C.  The Ginsburgs are not aware of any other movant that has a greater financial interest than them in this litigation. Accordingly, the Ginsburgs believe that they have the largest financial interest in this litigation.

### 3.    The Ginsburgs Meet the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). The Ginsburgs satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

#### i.    The Ginsburgs' Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 Civ. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). The Ginsburgs' claims are typical of the Class in that they: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) base their claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to the Ginsburgs as to all members of the Class. Since the Ginsburgs' claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii. The Ginsburgs Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

The Ginsburgs are adequate Lead Plaintiffs. The Ginsburgs are a small cohesive group – indeed, a married couple – consisting of only two members. The Ginsburgs and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of the Ginsburgs' substantial financial stake in the litigation, Class members can be assured that the Ginsburgs have the incentive to vigorously prosecute the claims.

Additionally, the Ginsburgs have further demonstrated their adequacy through their selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## II. THE COURT SHOULD APPROVE THE GINSBURGS' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as

7

Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc. et al.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2020, Bernstein Liebhard was listed for the fifteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list four times (2014-2016, 2019).

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

8

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, the Ginsburgs respectfully request that this Court: (1) appoint them as Lead Plaintiffs; and (2) approve their selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: June 14, 2021                    Respectfully submitted,

                                        /s/*Laurence J. Hasson*
                                        **BERNSTEIN LIEBHARD LLP**
                                        Laurence J. Hasson
                                        Joseph R. Seidman, Jr.
                                        10 East 40th Street
                                        New York, NY 10016
                                        Telephone: (212) 779-1414
                                        Facsimile: (212) 779-3218
                                        Email:  lhasson@bernlieb.com
                                        Email: seidman@bernlieb.com

                                        *Counsel for Sholim and Fanny Ginsburg and*
                                        *Proposed Lead Counsel for the Proposed Class*

9

## CERTIFICATE OF SERVICE

I, Laurence J. Hasson, hereby certify that on June 14, 2021, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF SHOLIM AND FANNY GINSBURG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: June 14, 2021                    /s/*Laurence J. Hasson*
                                        Laurence J. Hasson