## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>CANAAN INC., NANGENG ZHANG and TONG HE,<br><br>        Defendants. | Case No. 1:21-cv-03299-JPC-SDA |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MAHINDERJIT SINGH, M.D. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................................1

II.     FACTUAL BACKGROUND...............................................................................................2

III.    ARGUMENT........................................................................................................................3

        A.      Dr. Singh Satisfies the PSLRA's Requirements and Should Be
               Appointed Lead Plaintiff.......................................................................................3

               1.      Dr. Singh Has Timely Moved for Appointment as Lead Plaintiff...............4

               2.      Dr. Singh Has the Largest Financial Interest in the Relief Sought
                      by the Class ...................................................................................................5

               3.      Dr. Singh Satisfies the Requirements of Rule 23 .......................................5

                    a.      Dr. Singh's Claims Are Typical.........................................................6

                    b.      Dr. Singh Is Adequate.......................................................................6

        B.      Dr. Singh's Selection of Counsel Should Be Approved .........................................8

IV.     CONCLUSION....................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*,
 586 F.3d 703 (9th Cir. 2009) ....................................................................................................8

*Husson v. Garrett Motion Inc.*,
 Nos. 20-CV-7992 (JPC), *et al.*, 2021 WL 211541 (S.D.N.Y. Jan. 21, 2021)................ 6, 6-7, 8

**Statutes**

15 U.S.C. § 78u-4(a) ...................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ....................................................................................................... 5-6, 6

Mahinderjit Singh, M.D. ("Dr. Singh") respectfully submits this Memorandum of Law in support of his motion for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class.

## I.    INTRODUCTION

Presently pending in this District is the above-captioned securities class action (the "Action") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against Canaan Inc. ("Canaan" or the "Company") and certain of the Company's executive officers (collectively, "Defendants"). The Action is brought on behalf of all purchasers of the American Depositary Receipts ("ADRs") of Canaan between February 10, 2021, and April 9, 2021 (the "Class Period").

The PSLRA governs the selection of the Lead Plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires a court to appoint as Lead Plaintiff the movant: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the litigation; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Dr. Singh respectfully submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Dr. Singh's motion is timely and his losses of approximately $553,131 under a last-in, first-out ("LIFO") analysis in connection with his transactions in Canaan ADRs during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Naumon A. Amjed in Support of the

1

Motion of Mahinderjit Singh, M.D. for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Amjed Decl."), Exs. A & B.  In addition to asserting the largest financial interest, Dr. Singh satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.  *See* Section III.A, *infra*.  Further, as set forth in the Declaration of Mahinderjit Singh, M.D., submitted herewith, Dr. Singh fully understands the Lead Plaintiff's obligations to the class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of the Action.  *See* Amjed Decl., Ex. C (the "Singh Declaration").

Finally, Dr. Singh respectfully requests that his selection of Kessler Topaz as Lead Counsel for the class be approved.  Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders.  *See* Section III.B, *infra*.  Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.   FACTUAL BACKGROUND

Canaan is a Cayman Islands corporation headquartered in Hangzhou, the People's Republic of China ("PRC").  Canaan engages in the research, design, and sale of integrated circuit ("IC") final system products by integrating IC products for bitcoin mining and related components primarily in the PRC.

As alleged in the Action, during the Class Period, Defendants made materially false and misleading statements and omissions regarding the Company's business, operations, and prospects.  Specifically, Defendants made false and misleading statements and/or failed to disclose that: (1) Canaan had experienced significant ongoing supply chain disruptions during the fourth

2

quarter of 2020 ("4Q20"); (2) the introduction of Canaan's next-generation A12 series bitcoin mining machines had cannibalized sales of the older product offerings during the 4Q20; (3) as a result of the foregoing, Canaan's 4Q20 sales and sales revenues had declined dramatically; and (4) Canaan was not on track to achieve the strong financial prospects it had led the market to believe.

As alleged in the Action, the truth about the Company's sales and financial prospects emerged on April 12, 2021, when, before the opening of trading, Canaan issued a press release disclosing its actual 4Q20 and full year 2020 financial results for the period ended December 31, 2020.  Specifically, Canaan revealed that its 4Q20 sales had declined more than 93% year-over-year compared to both its fourth quarter fiscal year 2019 ("4Q19") sales and its third quarter FY20 ("3Q20") sales, and that, as a result, Canaan's 4Q20 total net revenues had decreased to just RMB38.2 million from RMB463.2 million in the 4Q19 and RMB163.0 million in the 3Q20.  On this news, the price of Canaan ADRs fell $5.53 per ADR, or nearly 30%, from a close of $18.67 per ADR on April 9, 2021, to close at $13.14 per ADR on April 12, 2021.

## III.    ARGUMENT

### A.    Dr. Singh Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to

the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, Dr. Singh is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion.  *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1.    Dr. Singh Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-

4(a)(3)(A)(i)(II).  Here, in connection with the filing of the Action, notice was published on April 15, 2021, in *Business Wire*.  *See* Amjed Decl., Ex. D.  Thus, June 14, 2021, is the deadline for class members to seek appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B).  Accordingly, Dr. Singh has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

### 2. Dr. Singh Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  *Id*. § 78u-4(a)(3)(B)(iii)(I).  Here, Dr. Singh suffered losses of approximately $553,131 under a LIFO analysis in connection with his transactions in Canaan ADRs during the Class Period.  Amjed Decl., Exs. A & B.  To the best of his knowledge, Dr. Singh has the largest financial interest in this matter and is the presumptive "most adequate plaintiff."

### 3. Dr. Singh Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  At the lead plaintiff selection stage of litigation, "the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Husson v. Garrett Motion Inc.*, Nos. 20-CV-7992 (JPC), *et al.*, 2021 WL 211541, at *3 (S.D.N.Y. Jan. 21, 2021) (citation omitted) (Cronan, J.).

### a.    Dr. Singh's Claims Are Typical

"Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Id.* (citation omitted).  Dr. Singh satisfies the typicality requirement because, just like all other proposed class members, he seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in the subsequent decline in the price of Canaan ADRs.  Thus, Dr. Singh's claims arise from the same conduct as those of the other class members and Dr. Singh's claims are typical.  *See id.* (finding that a lead plaintiff movant had satisfied the typicality requirement where the movant "seek[s] the same relief and advance[s] the same legal theories as other class members").

### b.    Dr. Singh Is Adequate

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In evaluating a movant's adequacy, courts hold that:

> [T]here should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants, the parties' attorney must be qualified, experienced, and generally able to

6

conduct the proposed litigation, and the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy.

*Garrett Motion*, 2021 WL 211541, at *3 (internal quotation marks and citation omitted).

Dr. Singh is adequate because his interest in vigorously pursuing claims against Defendants—given his substantial losses—is aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and misleading statements. There is no potential conflict between Dr. Singh's interests and those of the other members of the class, and Dr. Singh is fully committed to vigorously pursuing the claims on behalf of the class. *See id.* Moreover, as set forth in the Singh Declaration, Dr. Singh fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this Action. *See* Amjed Decl., Ex. C.

Dr. Singh has further demonstrated his adequacy through his selection of Kessler Topaz as Lead Counsel for the class and the negotiation of a competitive attorneys' fee agreement with counsel. *See id.* ¶ 6. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its capability to conduct complex securities class action litigation in an efficient, effective, and professional manner. Dr. Singh is aware that he was under no obligation to select Kessler Topaz as his counsel and was free to select any qualified counsel. *See id.* ¶ 5. Dr. Singh's selection followed a review of Kessler Topaz's qualifications to act as class counsel in securities fraud class actions and the consideration of other law firms. *See id.* ¶¶ 5-6.

The evidence submitted by Dr. Singh establishing his commitment to zealously and efficiently representing the interests of the class as Lead Plaintiff is more than sufficient to satisfy the adequacy and typicality requirements here.

### B.    Dr. Singh's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted); *Garrett Motion*, 2021 WL 211541, at *4. Here, Dr. Singh has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Dr. Singh's selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Amjed Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country and in this District, including: *In re Luckin Coffee Inc. Securities Litigation*, No. 20-cv-1293 (JPC) (S.D.N.Y); *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-

8

cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-01339 (RMD) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available. Accordingly, Dr. Singh's selection of counsel should be approved.

## IV. CONCLUSION

For the reasons stated herein, Dr. Singh respectfully requests that the Court: (1) appoint Dr. Singh as Lead Plaintiff: and (2) approve his selection of Kessler Topaz as Lead Counsel for the class.

DATED: June 14, 2021                    Respectfully submitted,

                    **KESSLER TOPAZ**
                    **MELTZER & CHECK, LLP**

                    *S/ Naumon A. Amjed*
                    Naumon A. Amjed
                    Ryan T. Degnan
                    Karissa J. Sauder
                    280 King of Prussia Road

Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Mahinderjit Singh, M.D. and*
*Proposed Lead Counsel for the Class*