**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-03299-JPC |
| Plaintiff, | |
| v. | |
| CANAAN INC., NANGENG ZHANG, and TONG HE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DR. SYED ALI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Dr. Syed Ali ("Ali") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Ali as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Ali's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Canaan Inc. ("Canaan" or the "Company") American Depositary Receipts ("ADRs" or "shares") between February 10, 2021 and April 9, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Ali believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Ali satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Ali respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Ali's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Canaan designs, manufactures, and sells bitcoin mining machines, primarily in the People's Republic of China.

On April 12, 2021, before the market opened, Canaan issued a press release announcing its fourth quarter and full year 2020 financial results, reporting a 93% year-over-year decrease in computing power sold and net revenues for the quarter.

On this news, Canaan's ADR price fell $5.53, or nearly 30%, to close at $13.14 per ADR on April 12, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Canaan had experienced significant ongoing supply chain disruptions during the fourth quarter of 2020; (20 that the introduction of Canaan's next-generation A12 series bitcoin mining machines had cannibalized sales of the older product offerings during the fourth quarter 2020; (3) that, as a result of the foregoing, Canaan's fourth quarter 2020 sales and sales revenues had declined dramatically; and (4) that, as a result of the foregoing, Canaan was not on track to achieve the stsrong financial prospects it had led the market to believe.

## III.    ARGUMENT

### A.    Ali Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Ali satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Ali has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Ali is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Ali respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

3

### 1.    Ali Filed a Timely Motion

Ali has made a timely motion in response to a PSLRA early notice. On April 15, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Ali had sixty days (*i.e.*, until June 14, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of Canaan ADRs during the Class Period, Ali is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Ali attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Ali satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Ali Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Ali believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Ali purchased Canaan ADRs during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Ali is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Ali believes he has the "largest financial interest in the relief sought by the

Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Ali Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Ali's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

5

Ali's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Ali alleges that Defendants' material misstatements and omissions concerning Canaan's business, operations, and financial prospects violated the federal securities laws. Ali, like all members of the Class, purchased Canaan ADRs in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Ali's interests and claims are "typical" of the interests and claims of the Class.

### b)    Ali Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Ali has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Ali resides in Riverside County, California and is a pharmacist. Ali is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Ali is well-equipped to represent the class.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Ali has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy

6

Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Ali respectfully requests that the Court grant his Motion and enter an Order (1) appointing Dr. Syed Ali as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 14, 2021

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Dr. Syed Ali and Proposed Lead Counsel for the Class*

7

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

8

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 14, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 14, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh