UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated, | Case No.  1:21-cv-03299-JPC |
| Plaintiff, | |
| vs. | |
| CANAAN INC., NANGENG ZHANG and TONG HE, | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHEN LIN FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT.......................................................................................................................... 3

I.    LIN SHOULD BE APPOINTED LEAD PLAINTIFF........................................................ 3

    A.    Lin Is Willing to Serve as Class Representative ...................................................... 4

    B.    Lin Has the "Largest Financial Interest" in the Action........................................... 5

    C.    Lin Otherwise Satisfies the Requirements of Rule 23 ............................................ 6

    D.    Lin Will Fairly and Adequately Represent the Interests of the Class and Is Not
        Subject to Unique Defenses ...................................................................................... 8

II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............ 9

CONCLUSION..................................................................................................................... 10

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018).................................................................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
 141 F.R.D. 229 (2d Cir. 1992)......................................................................................................7

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................................................................5

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..............................................................................8

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................................8

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001).........................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007).............................................................................5, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
 960 F.2d 285 (2d Cir. 1992).........................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) .....................................................................................................9

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..............................................................................................5

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ................................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................................6

*Janbay v. Canadian Solar, Inc.*,
 272 F.R.D. 113 (S.D.N.Y. 2010) .................................................................................................7

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ........................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)......................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3) ..................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................1, 6, 8

## Rules

Fed. R. Civ. P. 23........................................................................... *passim*

Chen Lin ("Lin") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Lin as Lead Plaintiff on behalf of all purchasers of the American Depositary Receipts ("ADRs") of Canaan Inc. ("Canaan" or the "Company") between February 10, 2021 and April 9, 2021 (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Canaan investors, including Lin, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Canaan's share price to fall sharply, damaging Lin and other Canaan investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with her purchases of Canaan ADRs during the Class Period, Lin incurred losses of approximately $372,219. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Lin believes that she has the largest financial interest in the relief sought in the Action.

Beyond her considerable financial interest, Lin also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

1

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Lin has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Lin respectfully requests that the Court enter an order appointing Lin as Lead Plaintiff for the Class and approving her selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint of the Action, Canaan designs, manufactures and sells bitcoin mining machines, primarily in the Peoples Republic of China (the "PRC"). It is organized under the laws of the Cayman Islands, headquartered in Hangzhon PRC and its ADRs are listed and trade on the NASDAQ Global Market ("NASDAQ").

Canaan's fiscal year 2020 ("FY20") ended on December 31, 2020. On February 9, 2021, nearly six weeks later, Canaan announced that its former Chief Financial Officer ("CFO"), Quanfu Hong ("Hong"), had suddenly resigned effective immediately, providing no explanation as to why and citing only "personal reasons." The next day, February 10, 2021, Canaan issued a press release announcing that its "revenue visibility ha[d] improved substantially" and making other positive statements about purported visibility into increases in the size and quality of orders the Company had been receiving. These statements were heralded by the investment community in light of former CFO Hong's statements on November 30, 2020 that "the demand for mining machines in the market continued to rebound during the third quarter, and" that Canaan had "received a large number of pre-sale orders which [were] scheduled for delivery starting in the fourth quarter of 2020" ("4Q20"). Predictably, the market reacted positively to these statements, driving up the

2

market price of Canaan ADRs from their open of $6.91 each on Monday, February 8th to close at $13.04 each on Friday, February 12th, an increase of nearly 90%.

Yet the statements Canaan issued during the Class Period about the Company's business metrics and financial prospects were materially false and misleading in that they concealed that due to ongoing supply chain disruptions and the introduction of the Company's next-generation A12 series bitcoin mining machines—which had cannibalized sales of the older product offerings—Canaan's 4Q20 sales had declined more than 93% year-over-year compared to its fourth quarter fiscal year 2019 ("4Q19") sales and more than 93% quarter-over-quarter compared to its third quarter FY20 ("3Q20") sales.  As a result, Canaan's 4Q20 total net revenues had decreased to RMB38.2 million (US$5.9 million) from RMB463.2 million in the 4Q19 and RMB163.0 million in the 3Q20.

On Monday, April 12, 2021, before the opening of trading, Canaan issued a press release finally disclosing its actual 4Q20 and FY20 financial results for the period ended December 31, 2020, including a 93% year-over-year decrease in computing power sold and net revenues for the quarter.  On this news, the market price of Canaan ADRs collapsed from their close of $18.67 per ADR on April 9, 2021 to close at $13.14 per ADR on April 12, 2021, a decline of nearly 30%, on unusually high volume of approximately 60 million ADRs trading, more than three times the average daily volume over the preceding ten trading days.

ARGUMENT

I.      LIN SHOULD BE APPOINTED LEAD PLAINTIFF

Lin should be appointed Lead Plaintiff because, to her knowledge, she has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of

3

publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Lin satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      Lin Is Willing to Serve as Class Representative

On April 15, 2021, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities fraud class action had been filed against Defendants, and which advised investors in Canaan ADRs that they had sixty days from the date of the Notice—*i.e.*, until June 14, 2021— to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Lin has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that she is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Lin satisfies the first requirement to serve as Lead Plaintiff of the Class.

4

B.       Lin Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Lin has the largest financial interest of any Canaan investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Lin: (1) purchased 23,836 Canaan ADRs; (2) expended $635,444 on her purchases of Canaan ADRs; (3) retained all of her Canaan ADRs; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $372,219 in connection with her Class Period purchases of Canaan ADRs.  *See* Lieberman Decl., Ex. A.  To the extent that Lin possesses

---

[1] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate"

plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

        C.      Lin Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification.

Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing

that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),

2018 WL 1634872, at \*3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94

(S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and

adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only

provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health*

*Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at

\*3 ("[C]ourts need only consider the typicality and adequacy requirements.").  Here, the Complaint

in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions

in a manner common to all Class members, including Lin.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The claims of Lin are typical of those of the Class. Lin alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Canaan. Lin, as did all Class members, purchased Canaan ADRs during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Canaan's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

7

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Lin has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Action, and submits her choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Lin is also represented by the Chinese law firm Hao Law Firm ("Hao") in this Action.  Should the Court appoint Lin as Lead Plaintiff and appoint her chosen selection of counsel, Pomerantz, as Lead Counsel in this Action, Pomerantz will utilize Hao's services as a Chinese law firm to assist with document translation and provide investigative services in the PRC, where Canaan is headquartered, thereby providing important litigation advantages to both Lin and the Class.  There is no evidence of antagonism or conflict between the interests of Lin and the interests of the Class.  Moreover, Lin has submitted a signed Certification declaring her commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Lin demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating her adequacy, Lin has submitted a Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

D.    Lin Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Lin as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Lin to fairly and adequately represent the Class has been discussed above. Lin is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class. Accordingly, Lin should be appointed Lead Plaintiff for the Class.

II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected Lead Plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Lin has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by

Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, Lin's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Lin's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Lin respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Lin respectfully requests that the Court issue an Order: (1) appointing Lin as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated: June 14, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Chen Lin and Proposed Lead Counsel for the Class*

10