**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANAAN INC., NANGENG ZHANG and TONG HE, <br><br> Defendants. | Case No: 1:21-cv-03299-JPC-SDA <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF BILL LU AND LIYING HUANG FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT............................................................................................................................ 3

I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF........................... 3

    A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff............. 3

    B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ............................. 5

        1.    Movant Filed a Timely Motion.................................................................. 5

        2.    Movant Has the Largest Financial Interest in the Relief Sought ............... 5

        3.    Movant Meets Rule 23's Typicality and Adequacy Requirements ........... 7

            a.    Movant's Claims Are Typical of the Claims of the Class ............. 8

            b.    Movant Is an Adequate Representative ......................................... 9

II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED............................... 10

CONCLUSION....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .................................... 7

*Brady v. Top Ships Inc.*,
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ..................................................................... 6

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ........................... 6

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .................................... 8, 9

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005)................................................................................ 1, 6

*Faig v. BioScrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ............................. 7, 8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011). ........................................................................... 4, 7

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009)..................................... 9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................... 10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)........................... 6

*Omdahl v. Farfetch Ltd.*,
   No. 19-cv-8657 (AJN), 2020 WL 3072291 (S.D.N.Y. June 10, 2020) .................................... 4

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008)..................................... 8

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v.*
   *Fairfax Fin. Holdings Ltd.*,
   No. 11-cv-5097(JFK), 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011)...................................... 8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 WL 197036 (S.D.N.Y. Jan. 24, 2006)..................................... 6

**Statutes**

15 U.S.C. § 78j(b)................................................................................................. 1

15 U.S.C. § 78t(a) ............................................................................................................... 1

15 U.S.C. § 78u-4 .......................................................................................................... *passim*

17 C.F.R. § 240.10b-5.......................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23................................................................................................ *passim*

Movants Bill Lu and Liying Huang (husband and wife, and together, "Movant") hereby respectfully submits this Memorandum of Law in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

**PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of a "Class" consisting of all purchasers, other than Defendants (defined below), of the American Depositary Receipts (ADRs") of Canaan Inc. ("Canaan" or the "Company") between February 10, 2021 and April 9, 2021 (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Canaan and certain of its senior officers ("Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted). Movant has lost $1,321,305.38 as a result of the alleged fraud during the Class Period.[1] Movant believes that they have the largest

---

[1] Signed certifications identifying Movant's Canaan transactions during the Class Period, as required by the PSLRA, as well as a chart identifying their losses, are attached to the accompanying Declaration of Marion C. Passmore ("Passmore Decl." or "Passmore Declaration"), as Exhibits 1 and 2, respectively.

1

financial interest in the outcome of the Action.  Moreover, Movant satisfies the requirements of Rule 23 in that their claims are typical of the claims of the Class, and in that they will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Canaan designs, manufactures and sells bitcoin mining machines, primarily in the Peoples Republic of China (the "PRC").  ¶¶ 2, 10.[2]  It is organized under the laws of the Cayman Islands, headquartered in Hangzhon PRC and its ADRs are listed and trade on the NASDAQ Global Market.  *Id*.

Canaan's fiscal year 2020 ("FY20") ended on December 31, 2020.  ¶ 3.  On February 9, 2021, nearly six weeks later, Canaan announced that its former Chief Financial Officer ("CFO"), Quanfu Hong ("Hong"), had suddenly resigned effective immediately, providing no explanation as to why and citing only "personal reasons."  ¶¶ 3, 21.  The next day, February 10, 2021, Canaan issued a press release announcing that its "revenue visibility ha[d] improved substantially" and making other positive statements about purported visibility into increases in the size and quality of orders the Company had been receiving.  ¶¶ 3, 22.  These statements were heralded by the investment community in light of former CFO Hong's statements on November 30, 2020, that "the demand for mining machines in the market continued to rebound during the third quarter, and" that Canaan had "received a large number of pre-sale orders which [were] scheduled for delivery starting in the fourth quarter of 2020" ("4Q20").  ¶¶ 3, 19.  Predictably, the market reacted positively to these statements, driving up the market price of Canaan ADRs from their open of

---

[2]  Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws filed in this Action (the "Complaint").  ECF No. 1.  The facts set forth in the Complaint are incorporated herein by reference.

$6.91 each on Monday, February 8th, to close at $13.04 each on Friday, February 12th, an increase of nearly 90%. ¶¶ 3, 23.

Yet the statements Canaan issued during the Class Period about the Company's business metrics and financial prospects were materially false and misleading in that they concealed that due to ongoing supply chain disruptions and the introduction of the Company's next-generation A12 series bitcoin mining machines – which had cannibalized sales of the older product offerings – Canaan's 4Q20 sales had declined more than 93% year-over-year compared to its fourth quarter fiscal year 2019 ("4Q19") sales and more than 93% quarter-over-quarter compared to its third quarter FY20 ("3Q20") sales. ¶¶ 4, 26. As a result, Canaan's 4Q20 total net revenues had decreased to RMB38.2 million (US$5.9 million) from RMB463.2 million in the 4Q19 and RMB163.0 million in the 3Q20. *Id*.

On Monday, April 12, 2021, before the opening of trading, Canaan issued a press release finally disclosing its actual 4Q20 and FY20 financial results for the period ended December 31, 2020, including a 93% year-over-year decrease in computing power sold and net revenues for the quarter. ¶¶ 5, 26. On this news, the market price of Canaan ADRs collapsed from their close of $18.67 per ADR on April 9, 2021, to close at $13.14 per ADR on April 12, 2021, a decline of nearly 30%, on unusually high volume of approximately 60 million ADRs trading, more than three times the average daily volume over the preceding ten trading days. ¶¶ 5, 28.

<u>**ARGUMENT**</u>

## I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead

3

plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members."  *Id*.  The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020).  The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of their knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against them that Defendants could raise. Therefore, Movant is entitled to the presumption that they are the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.       Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because they satisfy all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

#### 1.       Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in this Action published notice of the pendency of the action on April 15, 2021, within 20 days of the filing of the first-filed complaint, through *Business Wire*, a widely circulated national business-oriented wire service. *See* Passmore Decl., Ex. 3. The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is June 14, 2021. *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B). Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

#### 2.       Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." As demonstrated herein, Movant has

the largest known financial interest in the relief sought by the Class.  *See* Passmore Decl., Ex. 2 (Loss Chart).  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts in this district tend to consider four criteria, known as the Lax factors . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.") (internal citations omitted; emphasis in original); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 WL 197036, at *3-4 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Canaan ADRs in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant has suffered substantial losses of $1,321,305.38 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements.  *See eSpeed*, 232 F.R.D. at 101 (noting that courts

prefer losses to be calculated under LIFO); *Transocean Ltd.*, 272 F.R.D. at 129; *see also* Passmore Decl., Ex. 2 (Loss Chart).  Movant, thus, has a significant financial interest in the outcome of this Action.  To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed.  *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at \*3 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements."); *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at \*3 (S.D.N.Y. Dec. 19, 2013) ("[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

### a.    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See BioScrip*, 2013 WL 6705045, at *3.  "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement."  *Id.*; *see also In re Orion Sec. Litig*., No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) ("[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011)). Movant, like the other members of the Class, acquired Canaan ADRs during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and those

8

losses were a result of Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for the purposes of this Motion.  *See Xunlei Ltd.*, 2018 WL 1779348, at \*3.

**b.**     **Movant Is an Adequate Representative**

Movant is also an adequate representative for the Class.   Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  Adequate representation will be found if:  "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Xunlei*, 2018 WL 1779348, at \*3 (citation omitted); *see also In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at \*5 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein.  *See Xunlei*, 2018 WL 1779348, at \*3 (Movant's "substantial losses provide a sufficient incentive to vigorously litigate this case").  Indeed, Movant has already taken steps that demonstrate that they both recognize and will protect the interests of

9

the Class, including:  (1) executing certifications detailing their Class Period transactions and expressing their willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (internal citation omitted).  The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Passmore Decl., Ex. 4), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this and

10

are well-qualified to represent the Class.  Thus, this Court may be assured that if the instant Motion

is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) appoint

Movant as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of BES as Lead

Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and

proper.

DATED: June 14, 2021                            Respectfully submitted,

                                                **BRAGAR EAGEL & SQUIRE, P.C.**

                                                By: */s/ Marion C. Passmore*
                                                Marion C. Passmore
                                                Melissa A. Fortunato
                                                810 Seventh Avenue, Suite 620
                                                New York, NY 10019
                                                Telephone:  (212) 308-6121
                                                Facsimile:  (212) 214-0506
                                                Email: passmore@bespc.com
                                                Email: fortunato@bespc.com

                                                *Counsel for Movant and Proposed*
                                                *Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

I, Marion C. Passmore, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 14th day of June, 2021.

*/s/ Marion C. Passmore*
Marion C. Passmore