**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CANAAN INC., NANGENG ZHANG and TONG HE, <br><br> Defendants. | Case No: 1:21-cv-03299-JPC-SDA <br><br> <u>CLASS ACTION</u> |

**BILL LU AND LIYING HUANG'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
<u>**COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**</u>

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

ARGUMENT ............................................................................................................................ 2

      A.    Movants Have the Largest Financial Interest and Satisfy Rule 23 ......................... 4

      B.    Movants Satisfy the Typicality and Adequacy Requirements .............................. 5

            1.    Typicality ................................................................................................ 6

            2.    Adequacy ................................................................................................ 7

      C.    No Proof Exists to Rebut the Presumption in Favor of Movants .......................... 7

      D.    All Competing Lead Plaintiff Motions Should be Denied ..................................... 8

      E.    Movants' Choice of Counsel Should be Approved ................................................ 8

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................ 4

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ........................ 3, 4

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .................................... 3, 7

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) .......................................................................................... 7

*Faig v. BioScrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................ 6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................................ 7

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009)..................................... 7

*Hansen v. Ferrellgas Partners, L.P.*,
   No. 16-cv-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ........................................ 8

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007)........................................................................................... 6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................ 8

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)................................................................................. 5

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................... 3, 4

*Lucas v. United States Oil Fund, LP*,
   No. 20 Civ. 4740 (PGG), 2020 WL 5549719 (S.D.N.Y. Sept. 16, 2020)................................... 5

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015)..................................................................................... 6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  No. 17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)........................... 4

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998)................................................................................... 3, 4

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008)....................................... 6

*Saint Jermain v. Fluidigm Corp.*,
  No. 20-cv-06617-PJH, 2020 WL 7342717 (N.D. Cal. Dec. 14, 2020)...................................... 8

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ....................................................................................... 7

*Sofran v. Labranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) ....................................................................................... 3

*Subramanian v. Watford*,
  C.A. No. 20-cv-02652-CMA-STV, 2021 WL 1697147 (D. Colo. Apr. 29, 2021)..................... 8

*Turnofsky v. electroCore, Inc.*,
  Civ. No. 19-18400, 2020 WL 1969913 (D.N.J. Apr. 24, 2020) ................................................. 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................... 5

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
  No. 05-cv-04617 (RJH), 2006 WL 197036 (S.D.N.Y. Jan. 24, 2006)....................................... 4

*Xu v. Gridsum Holding, LLC*,
  18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ........................................... 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................. 3, 5, 7, 8

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

## PRELIMINARY STATEMENT

Lead Plaintiff movants Bill Lu and Liying Huang (husband and wife, and together, "Movants") respectfully submit this Memorandum of Law in Opposition to Competing Motion for Appointment as Lead Plaintiff and in further support of their Motion for Appointment as Lead Plaintiff in the above captioned action and approval of their selection of Bragar Eagel & Squire, P.C. ("BES") as lead Counsel for the proposed Class.[1]

On June 14, 2021, ten movants or movant groups filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in the above-captioned action (the "Action").  The motions were filed by Jason Raffin ("Raffin") (ECF No. 13); Paul Richards ("Richards") (ECF No. 16); Manu Gandhi ("Gandhi") (ECF No. 19); Xianfeng Zeng ("Zeng") (ECF No. 22); Sholim Ginsburg and Fanny Ginsburg (the "Ginsburgs") (EFC No. 23); Abram Grae ("Grae") (ECF No. 28); Mahinderjit Singh M.D. ("Singh") (ECF No. 30); Dr. Syed Ali ("Ali") (ECF No. 35); Chen Lin ("Lin") (ECF No. 41); and Movants (ECF No. 45).  Only six competing motions for appointment as lead plaintiff remain before the Court.[2]

Pursuant to the PSLRA, Movants are presumptively the most adequate lead plaintiff because they have the largest financial interest in the Action and satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  As *no proof* of Movants' inadequacy exists to rebut this presumption, Movants must be appointed as lead plaintiff.

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Movants' opening memorandum (ECF No. 46).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2]  On June 15, 2021, Grae filed a notice of withdrawal of his motion (ECF No. 48); on June 18, 2021 the Ginsburgs filed a notice of non-opposition to the competing motions (ECF No. 49); on June 21, 2021, Raffin filed a notice of withdrawal of his motion (ECF No. 50); and, on June 28, 2021, Lin filed a notice of non-opposition to the competing motions (ECF No. 51).

## BACKGROUND

On April 15, 2021, Jason Denny ("Denny") filed a complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class consisting of all persons and entities, other than Defendants, that purchased or otherwise acquired Canaan Inc. ("Canaan" or the "Company") American Depositary Receipts ("ADRs") between February 10, 2021 and April 9, 2021 (the "Class Period"). On April 15, 2021, plaintiff Denny also duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party by June 14, 2021. *See* ECF No. 47-3 (the "Notice").

The Action alleges that Defendants made materially false and misleading statements and/or omitted material adverse information during the Class Period. ¶¶ 22-24.[3] On April 12, 2021, before the opening of trading, the Company issued a press release disclosing its actual 4Q20 and FY20 financial results for the period ended December 31, 2020, including a 93% year-over-year decrease in computing power sold and net revenues for the quarter. ¶¶ 5, 26. On this news, the Company's ADR price collapsed from a close of $18.67 per ADR on April 9, 2021, to close at $13.14 per ADR on April 12, 2021, a decline of nearly 30%, on unusually high volume of approximately 60 million ADRs trading, more than three times the average daily volume over the preceding ten trading days. ¶¶ 5, 28.

## ARGUMENT

In deciding which movant to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest, and

---

[3] Citations to "¶__" are to paragraphs of the Complaint. ECF No. 1.

appoint the movant with "largest financial interest in the relief sought by the class" who also "otherwise satisfies the requirements" of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(i), (iii); *see also Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").  Once identified, the movant with the largest financial interest must be appointed lead plaintiff, unless a competing movant produces sufficient proof to rebut the presumption in its favor.  *Id.* at 403; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  This analysis finds Movants to be the most adequate lead plaintiff.

Specifically, Movants have the largest financial interest pursuant to all four *Lax/Olsten* factors which have been relied on by this Court and are widely accepted by courts in this Circuit, District, and throughout the country as appropriate for determining the largest financial interest. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *see also In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007) ("Courts have typically considered [] four factors, known as the 'Olsten-Lax' factors, to determine who has the greatest financial interest.").

Movants are adequate because they are a husband and wife who are sophisticated investors and whose interests are aligned with the interests of the Class.  *See, e.g.*, Movants' Declaration, attached to the accompanying Declaration of Marion C. Passmore ("Passmore Decl."), as Exhibit 1.  Further, Movants have demonstrated their adequacy because their large financial interest will ensure their vigorous prosecution of the claims on behalf of the Class, they have no conflicts with other Class members and they have retained experienced counsel, BES, as lead counsel.  *See Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018)

(Movant is an adequate lead plaintiff since "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.").

As the Movants with the largest financial interest and there being no proof to rebut their typicality or adequacy, Movants should be appointed as lead plaintiff in the Action.

### A.    Movants Have the Largest Financial Interest and Satisfy Rule 23

To determine which movant has the greatest financial interest, courts commonly refer to the *Lax/Olsten* factors:  (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.  *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018). "Most courts consider the fourth factor, the approximate loss a plaintiff suffered during the class period, to be the most influential in identifying the plaintiff with the largest financial interest." *Comverse*, 2007 WL 680779, at *6-8; *see also Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts consider four factors, [the Lax factors].  . . .  Courts generally find the fourth factor [net loss suffered] to be the most compelling."); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 WL 197036, at *3-4 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").  As the following table demonstrates, Movants possess the largest financial interest under all four *Lax* factors, including the "most influential" factor.  The total losses that Movants have suffered are

4

$1,321,305.38, which is $768,174.16 more than the losses of the next largest movant. Movants

indisputably have the largest financial interest.

| Exchange Act Losses | | | | |
|---|---|---|---|---|
| **Movant** | **Total Shares Purchased** | **Net Shares Purchased During Class Period** | **Net Funds Expended** | **Total Losses** |
| Movants | *135,000* | *97,000* | *$3,779,408.69* | *$1,321,305.38* |
| Singh | 39,033 | 33,523 | $1,145,284.36 | $553,131.22 |
| Richards | 23,748 | 23,748 | $740,863.28 | $479,001.10 |
| ~~Lin~~ | ~~23,838~~ | ~~17,911~~ | ~~$635,444~~ | ~~$372,219.00~~ |
| ~~Ginsburgs~~ | ~~13,000~~ | ~~13,000~~ | ~~$429,316.70~~ | ~~$285,755.34~~ |
| Zeng | 15,601 | 0 | $337,577.24 | $222,311.72 |
| Gandhi | 29,163 | 6,005 | $1,034,222.68 | $151,418.29 |
| ~~Grae~~ | ~~10,693~~ | ~~10,693~~ | ~~$219,132.27~~ | ~~$101,047.55~~ |
| Ali | 6,005 | 5,946 | $144,404.26 | $77,651.18 |
| ~~Raffin~~ | ~~2,200~~ | ~~2,200~~ | ~~$75,712.61~~ | ~~$51,417.57~~ |

### B. Movants Satisfy the Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also requires that the

lead plaintiff "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)

(3)(B)(iii)(I)(cc). At the lead plaintiff stage, however, the moving plaintiff must make only a

preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.

*Lucas v. United States Oil Fund, LP*, No. 20 Civ. 4740 (PGG), 2020 WL 5549719, at *6 (S.D.N.Y.

Sept. 16, 2020). *See also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d

388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a prima facie showing that the

requirements of Rule 23 are met is sufficient."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp.

3d 523, 535 (S.D.N.Y. 2015) ("Once the court identifies the plaintiff with the largest stake in the

litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether

he satisfies the other statutory requirements.").

5

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) ("The typicality requirement is satisfied if the movant shows that class members' claims 'arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that: (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Here, Movants satisfy both the typicality and adequacy prongs of Rule 23, requiring their appointment as Lead Plaintiff.

### 1.    Typicality

Movants satisfy the typicality requirement. Like all members of the Class, Movants: (1) purchased Canaan ADRs during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result. Because of this, Movants' claims are substantially similar, if not identical, to those of the other members of the Class who purchased Canaan ADRs during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants. *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 571 (S.D.N.Y. 2015) ("Lead plaintiffs' claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"); *BioScrip*, 2013 WL 6705045, at *3 (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement); *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) ("[t]he possibility of factual distinctions between the claims of the named

plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

## 2.    Adequacy

Movants also readily satisfy the adequacy requirement of Rule 23.  BES, proposed lead counsel for the class, is highly experienced in securities class actions such as this and are well qualified to litigate the Action.  *See* ECF No. 47-4 (firm résumé of BES).  *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *5 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").  Moreover, Movants have no conflicts with absentee class members and are highly motivated to recover their losses of $1,321,305.38.  *Id.*; *Xunlei*, 2018 WL 1779348, at *3 (Movants' "substantial losses provide a sufficient incentive to vigorously litigate this case").[4]

## C.    No Proof Exists to Rebut the Presumption in Favor of Movants

Having demonstrated that Movants are the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with proof that the movant with the largest financial interest is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff as "the conflict of interest must be shown, not merely speculated").  Movants have no conflicts with the members of the Class and are motivated to recover the heavy losses they suffered.  *See* Passmore Decl., Ex. 1.

---

[4]  Additionally, Movants' foreign residency has been shown not to affect adequacy as lead plaintiff.  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133-34 (S.D.N.Y. 2011) (rejecting arguments about foreign entity and its standing, appointing foreign pension fund as lead plaintiff where it purchased shares in its own name); *Sgalambo v. McKenzie*, 268 F.R.D. 170, 177 (S.D.N.Y. 2010) ("[T]o exclude a foreign investor from lead plaintiff status on nationality grounds would defy the realities and complexities of today's increasingly global economy.").

Movants possess the largest financial interest and satisfy Rule 23, and therefore should be appointed lead plaintiff pursuant to the PSLRA. *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742, at *6 (S.D.N.Y. Jan. 19, 2017) ("Accordingly, because the Batai Group was a timely movant, holds the largest financial interest, and satisfies Rule 23's requirements, the group is presumptively the 'most adequate plaintiff.'")

### D. All Competing Lead Plaintiff Motions Should be Denied

Movants have the largest financial interest in this Action, have made the *prima facie* showing of their typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing them lead plaintiff. This alone is sufficient grounds for the Court to grant their motion and deny the competing motions for appointment as lead plaintiff.

### E. Movants' Choice of Counsel Should be Approved

The Court should also approve Movants' selection of BES as lead counsel for the putative class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015). BES is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors as detailed in its Firm Résumé. ECF No. 47-4. BES has been appointed as lead counsel in many similar class actions arising under the federal securities laws. *See, e.g.*, *Subramanian v. Watford*, C.A. No. 20-cv-02652-CMA-STV, 2021 WL 1697147 (D. Colo. Apr. 29, 2021) (appointing BES and noting the firm's qualifications, experience, and ability to conduct the litigation); *Saint Jermain v. Fluidigm Corp.*, No. 20-cv-06617-PJH, 2020 WL 7342717 (N.D. Cal. Dec. 14, 2020) (appointing BES as lead counsel); *Turnofsky v. electroCore, Inc.*, Civ. No. 19-18400, 2020 WL

1969913 (D.N.J. Apr. 24, 2020) (appointing BES as lead counsel, noting the firm's experience with securities class actions); *Dennee v. Slack Tech., Inc.*, No. 3:19-cv-05857-SI, ECF No. 50 (N.D. Cal. Jan. 8, 2020); *Crumrine v. Vivint Solar Inc.*, No. 2:20-cv-00919-JNP-CMR, ECF No. 24 (D. Utah June 29, 2020); *Xu v. Gridsum Holding, LLC*, 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) (appointing BES as lead counsel, noting the firm's qualifications).

## <u>CONCLUSION</u>

For all the foregoing reasons, Movants respectfully request that the Court:  (1) appoint Bill Lu and Liying Huang as Lead Plaintiffs on behalf the Class; (2) approve Movants' selection of BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: June 28, 2021                          Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Marion C. Passmore*
Marion C. Passmore
Lawrence P. Eagel
Melissa A. Fortunato
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-6121
Facsimile:  (212) 214-0506
Email: passmore@bespc.com
Email: eagel@bespc.com
Email: fortunato@bespc.com

*Counsel for Movants and Proposed*
*Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Marion C. Passmore, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 28th day of June, 2021.

*/s/ Marion C. Passmore*

Marion C. Passmore