# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CANAAN INC., NANGENG ZHANG and TONG HE,<br><br>                 Defendants. | Case No. 1:21-cv-03299-JPC-SDA |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF MAHINDERJIT SINGH, M.D. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..........................................................................................................1

II.  ARGUMENT ................................................................................................................4

    A.   Huang and Lu Have Failed to Satisfy the PSLRA's Requirements
        and Their Motion Should Be Denied .........................................................................5

    B.   Dr. Singh Satisfies the PSLRA's Requirements and Should Be
        Appointed Lead Plaintiff........................................................................................10

    C.   The Remaining Motions Should Be Denied ..........................................................12

III. CONCLUSION.............................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
No. 12 Civ. 1203(PAE),
2012 WL 2025850 (S.D.N.Y. May 31, 2012) ........................................................................11

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
137 S. Ct. 2042 (2017)........................................................................................................3, 9

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019)............................................................2-3, 6, 6-7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................................... passim

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...................................................................................... 1-2, 2, 4

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)........................................................................................................3, 9

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ..............................................................................................4

*Faris v. Longtop Fin. Techs. Ltd.*,
No. 11 Civ. 3658(SAS),
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ......................................................................9, 12

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ............................................................................................7

*In re IMAX Sec. Litig.*,
272 F.R.D. 138 (S.D.N.Y. 2010) ............................................................................................9

*Karp v. Diebold Nixdorf, Inc.*,
Nos. 19 Civ. 6180(LAP), *et al.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ..................................................................passim

*In re Netflix, Inc., Sec. Litig.*,
Nos. 12-0225 SC, *et al.*,
2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ...................................................................... 8-9

*Piven v. Sykes Enters., Inc.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000) ..............................................................................7

*In re the Boeing Co. Aircraft Sec. Litig.*,
 No. 19-cv-02394,
 2020 WL 476658 (N.D. Ill. Jan. 28, 2020)) ....................................................................8, 10

*In re the Boeing Co. Aircraft Sec. Litig.*,
 No. 19 CV 2394,
 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ............................................................... *passim*

**Statutes**

15 U.S.C. § 78u-4(a) ...........................................................................................................1, 4, 12

Mahinderjit Singh, M.D. respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff (ECF No. 30) and in opposition to the competing motions (ECF Nos. 13, 16, 19, 22, 23, 28, 35, 41, 45).[1]

## I.    INTRODUCTION

On June 14, 2021, Dr. Singh filed a timely motion under the PSLRA for an Order: (1) appointing Dr. Singh as Lead Plaintiff; and (2) approving his selection of Kessler Topaz as Lead Counsel for the class.  In addition to Dr. Singh's motion, motions seeking appointment as Lead Plaintiff were also filed by Liying Huang and Bill Lu ("Huang and Lu") (ECF No. 45), Paul Richards (ECF No. 16), Chen Lin (ECF No. 41), Sholim and Fanny Ginsburg (ECF No. 23), Xianfeng Zeng (ECF No. 22), Manu Gandhi (ECF No. 19), Abram Grae (ECF No. 28), Dr. Syed Ali (ECF No. 35), and Jason Raffin (ECF No. 13).[2]

Under the PSLRA, the "most adequate plaintiff"—the plaintiff entitled to appointment as lead plaintiff—is the movant asserting the largest financial interest that *also* makes a threshold showing of typicality and adequacy under Rule 23, and is not subject to unique defenses.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  If the movant "with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729-32 (9th Cir. 2002); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for *any* reason) the court determines

---

[1]    Unless otherwise noted, all references to "ECF No. __" are to docket entries in the above-captioned action, all capitalized terms are defined in Dr. Singh's opening brief, *see* ECF No. 32, all emphasis is added, and all internal quotation marks and citations are omitted.

[2]    Chen Lin, Sholim and Fanny Ginsburg, Abram Grae, Dr. Syed Ali, and Jason Raffin have subsequently withdrawn their motions or filed notices of non-opposition to competing motions, all acknowledging that they do not have the largest financial interests in this action, as required for appointment under the PSLRA. *See* ECF Nos. 48, 49, 50, 51, 52.

that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."). The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264.

Here, Dr. Singh is the only movant entitled to appointment under the PSLRA's "straightforward" and "sequential" lead plaintiff selection process. *Cavanaugh*, 306 F.3d at 732. Specifically, with losses of approximately $553,131 in connection with his Class Period transactions in Canaan ADRs, Dr. Singh possesses the largest financial interest of any movant who is *also* capable of satisfying the adequacy and typicality requirements of Rule 23.

While Huang and Lu claim larger losses than Dr. Singh, Huang and Lu have failed to make the requisite threshold showings of adequacy and typicality by the statutory deadline, and thus, must be rejected under the PSLRA. Specifically, unlike Dr. Singh, Huang and Lu have failed to provide *any* information regarding their identities or their ability to fulfill the critical responsibilities of a lead plaintiff. The "complete dearth of information . . . leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars," and compels Huang and Lu's disqualification. *In re the Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019); *see also, e.g.*, *Karp v. Diebold Nixdorf, Inc.*, Nos. 19 Civ. 6180(LAP), *et al.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 Civ. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (stating that movants who did not provide background information "failed" to make "a preliminary showing" under the PSLRA); *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3

2

(S.D. Cal. Jan. 22, 2019) (disqualifying a movant who, *inter alia*, "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," because "the Court finds it difficult to determine whether [the movant] would indeed be a typical plaintiff for the class").

Indeed, the absence of *any* meaningful information regarding Huang and Lu is outcome-determinative: in failing to provide even basic information about themselves and their ability to vigorously pursue the class's claims, Huang and Lu have failed to make the necessary showing of adequacy required by the PSLRA. *See Diebold Nixdorf*, 2019 WL 5587148, at \*5-6; *Boeing*, 2019 WL 6052399, at \*5. Ensuring that the lead plaintiff is adequate and typical (e.g., is fully committed to fulfilling its obligations and is not subject to unique defenses) is essential to protecting the rights of absent class members. In fact, given recent Supreme Court case law making clear that statutes of repose for the federal securities laws cannot be tolled and that the pendency of a class action does not toll the statutes of limitations for claims filed in subsequent class actions, the subsequent disqualification of a lead plaintiff could have irreversible consequences for the class. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2055 (2017) (holding that the statute of repose period is not tolled for absent class members during pendency of a class action); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807-08 (2018) (holding that the pendency of one class action does not toll the statute of limitations period for a subsequent class action). In other words, courts must weed out inadequate movants at the lead plaintiff stage in order to prevent potentially catastrophic, and irreversible, consequences for absent class members at later stages of litigation. This vetting is possible only if movants proffer some information about their qualifications and backgrounds. Because Huang and Lu have failed to provide *any* information necessary to demonstrate their adequacy to represent the class and their commitment to fulfilling the obligations

3

of a lead plaintiff, Huang and Lu cannot make a showing under Rule 23 and their motion must be denied. *See Diebold Nixdorf*, 2019 WL 5587148, at *5-6.

With Huang and Lu eliminated from consideration, Dr. Singh asserts the largest financial interest of the remaining movants. Additionally, Dr. Singh easily satisfies the requirements of Rule 23 and no movant has provided "proof" that Dr. Singh is inadequate to represent the class. Accordingly, Dr. Singh respectfully submits that he is entitled to appointment as Lead Plaintiff under the PSLRA, and requests that the Court grant his motion and deny the competing motions.

## II.    ARGUMENT

Under the "straightforward" and "sequential" selection process mandated by the PSLRA, a movant's financial interest is only the starting point when evaluating a lead plaintiff movant, as the movant must also "satisf[y] the typicality and adequacy requirements [before] he is entitled to lead plaintiff status." *Cavanaugh*, 306 F.3d at 732. As such, a movant seeking appointment as lead plaintiff that does not satisfy Rule 23's requirements cannot be appointed—regardless of that movant's asserted losses. *See Cendant*, 264 F.3d at 267 ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."). If the presumptive lead plaintiff is disqualified because that movant cannot demonstrate both its typicality and adequacy, "the candidate's position is forfeited and the court returns to the first phase to determine a new presumptive lead plaintiff"—a process which "repeats itself until a candidate succeeds in both the first and second phases of inquiry." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005).

Here, only Dr. Singh satisfies all the requirements of the PSLRA and can be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### A.    Huang and Lu Have Failed to Satisfy the PSLRA's Requirements and Their Motion Should Be Denied

While Huang and Lu claim large losses in connection with their transactions in Canaan ADRs, they have failed to make threshold showings of adequacy and typicality by the statutory deadline,[3] precluding their appointment as Lead Plaintiff. *See Diebold Nixdorf*, 2019 WL 5587148, at *5-6. Specifically, unlike Dr. Singh—who submitted a declaration establishing his adequacy by detailing his residence, occupation, education, investing experience, familiarity with the obligations and responsibilities of a lead plaintiff, and more—Huang and Lu have not provided the Court with the most basic information regarding their identities and qualifications to represent the class.

As explained by the Ninth Circuit, Huang and Lu have the burden to make a showing of adequacy "***based on*** the information [they have] provided in [their] pleadings and declarations." *Cavanaugh*, 306 F.3d at 730. By failing to provide ***any*** information whatsoever about their qualifications or even who they are, Huang and Lu cannot make even a prima facie showing of adequacy or typicality. This absence leaves the Court and competing movants wholly unable to confirm that Huang and Lu are prepared to fulfill the responsibilities of a lead plaintiff and are not subject to any disqualifying defects that might jeopardize the class's claims. *See, e.g.*, *Boeing*, 2019 WL 6052399, at *5 ("Although it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, . . . to do so a movant must supply ***some*** information about its ability to perform the role of lead plaintiff diligently and effectively." (emphasis in original)).

The recent ruling in *Boeing* is instructive. There, the movant with the largest claimed losses—a family of investors—"provide[d] virtually no information about the family" in

---

[3]    *See* ECF No. 46 at 5 (Huang and Lu noting that "the 60-day deadline to seek appointment as lead plaintiff . . . is June 14, 2021").

connection with their motion for appointment as lead plaintiff, offering only the fact that "they live in Las Vegas." *Id.* Specifically, the court noted that the family:

> [P]rovide[d] no information about [their] level of financial sophistication or about the general source of their wealth; no general information about their backgrounds, education, employment, or investment experience; no information about their litigation experience generally or any basis to gauge their ability to control and manage complex class action securities litigation; and no information about their familiarity with [the facts of the case].

*Id.* As the court explained, "[r]eciting this litany is relevant not because the [family was] required to provide all of this information but because they provided ***none*** of it." *Id.* (emphasis in original). Critically, the *Boeing* court concluded, "[t]he complete dearth of information accompanying the [family's] lead plaintiff motion leaves the Court with ***virtually no basis to assess their adequacy*** to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars." *Id.* As a result, the court rejected the family's lead plaintiff motion, predicating its ruling on the family's "inability (or refusal) to provide sufficient information to permit the court to make an informed judgment as to their adequacy to serve as Lead Plaintiff," and instead appointed a movant with smaller losses but clear evidence as to its adequacy. *Id.* at *8-9.

*Boeing* is not alone: a number of courts across the country, including in this District, have reached the same conclusion in similar circumstances. In *Qualcomm*, for example, the court held that the movant with the largest claimed losses had failed to make the requisite threshold showing because he, *inter alia*, "failed to include any basic details about himself, including where he lives or who he is specifically[,] ***in his motion***." 2019 WL 277360, at *3. As a result of the movant's failure to provide this information, the court found it "***difficult to determine*** whether [the movant] would indeed be a typical plaintiff for the class," and instead appointed a movant who had substantially smaller losses but had provided sufficient information to fulfill the PSLRA's

requirements of adequacy and typicality. *Id.*  Similarly, in *Diebold Nixdorf*, the Honorable Loretta A. Preska disqualified a married couple that asserted nearly $1.5 million in losses but "provided the Court with little to go on with respect to their alleged capacity to manage this litigation." 2019 WL 5587148, at \*5-6 (rejecting argument that movants "need not 'provide adequate information about themselves' on top of the [certification] requirements of the PSLRA").  As explained by Judge Preska, given the absence of background information, "the Court is skeptical that the [movants] are equipped to serve as lead plaintiff." *Id.* at \*6. Ultimately, Judge Preska concluded that the movants "*failed*" to make a "preliminary showing of adequacy under Rule 23." *Id.* at \*5-6; *see also, e.g.*, *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (disqualifying a married couple that "provide[d] no briefing and proffer[ed] no declarations concerning their ability to act as lead plaintiffs"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (disqualifying a movant that "has not proffered any information regarding its identity, resources, and experience").

The concerns resulting in the rejection of movants in these cases are also present here. While nearly all movants,[4] including Dr. Singh, have "embrace[d] the opportunity to advise the Court about their financial sophistication, experience, and ability to effectively manage and direct the activities of class counsel," *Boeing*, 2019 WL 6052399, at \*5, Huang and Lu are completely silent as to their identities, their understanding of the case and the responsibilities of a lead plaintiff,

---

[4]     *See, e.g.*, ECF No. 17 at 8 (providing biographical information and relevant experience for Paul Richards);  ECF No. 21-4 (declaration of Manu Gandhi discussing biographical information and understanding of the responsibilities of lead plaintiff); ECF No. 26-3 (declaration of Xianfeng Zeng discussing biographical information and understanding of the responsibilities of lead plaintiff); ECF No. 25 at 1 (providing biographical information and investing experience for Sholim and Fanny Ginsburg); ECF No. 31 at 7 (providing biographical information and investing experience for Abram Grae); ECF No. 36 at 6 (providing biographical information for Dr. Syed Ali); and ECF No. 44-4 (declaration of Chen Lin discussing biographical information and understanding of the responsibilities of lead plaintiff).

and their commitment to vigorously pursuing the class's claims.[5]  Moreover, their failure to provide the most basic information at this early stage "casts further doubt on their adequacy because it suggests that they will be unable or unwilling to carry out the duties of a lead plaintiff, which include responding to discovery and providing deposition testimony."  *Id.* at *7; *see also In re the Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020) ("*Boeing II*") ("[I]n trying to provide as little information to the Court and other class members as possible, the [movants] have made a *prima facie* showing that they will **not** be adequate representatives of the class." (emphasis in original)).  In fact, as the *Boeing* court noted, the failure to provide this information "is particularly difficult to understand given that, as Lead Plaintiff, they would be required not just to make a prima facie case as to their typicality and adequacy, but to **prove** as much in the context of a class certification motion."  2019 WL 6052399, at *7.

The need for lead plaintiff movants to provide meaningful information about themselves is not a mere technical requirement or matter of judicial preference.  Rather, courts **need** this information to determine whether a movant has made the requisite showing under the PSLRA.  *See Diebold Nixdorf*, 2019 WL 5587148, at *5 (stating that movants "**need** to provide enough information to make a preliminary showing of adequacy under Rule 23").  This information ensures that the lead plaintiff is fully committed to fulfilling its obligations and does not possess any disqualifying defects, both of which are required under the PSLRA and are essential to minimizing potential issues at class certification and trial.  *Cf. In re Netflix, Inc., Sec. Litig.*, Nos. 12-0225 SC, *et al.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) (explaining that selecting

---

[5]    The only biographical information Huang and Lu offer is that they are husband and wife. *See* ECF No. 46 at 1.

a lead plaintiff that is both adequate and typical is necessary to "protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole"); *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("this Court sees no reason to subject the class to this potential defense where there is another movant [not subject to the potential defense]"). Indeed, the appointment of an inadequate or atypical lead plaintiff undermines the prosecution of the entire class's claims because such a lead plaintiff may be disqualified or rejected at later stages of litigation—a finding that could force the Court to reopen the lead plaintiff selection process or may jeopardize the rights of absent class members if their claims are rendered untimely due to the denial of class certification. *See, e.g.*, *In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155, 160 (S.D.N.Y. 2010) (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "at a minimum . . . subject to unique defenses"); *China Agritech*, 138 S. Ct. at 1807-08 (explaining that Rule 23 and the PSLRA encourage the selection of class representatives and lead plaintiffs during the early stages of litigation, and holding that the pendency of one class action does not toll the statute of limitations period for a subsequent class action); *ANZ*, 137 S. Ct. at 2055 (holding that the statute of repose period is not tolled for absent class members during pendency of a class action). In short, the very purpose of the PSLRA's Rule 23 requirement is to ensure that the appointed lead plaintiff is both adequate and typical because a defect in, or the later withdrawal of, the lead plaintiff can have catastrophic consequences for absent class members. Huang and Lu have failed to provide the information necessary to assure the Court that they do not possess any such defects that could sidetrack the litigation or threaten class certification. *See Diebold Nixdorf*, 2019 WL 5587148, at *5-6; *Boeing*, 2019 WL 6052399, at *7.

Huang and Lu cannot request a do-over by belatedly submitting additional information after the PSLRA's statutory deadline. As the *Boeing* court has explained, post-deadline attempts to bolster movants' Rule 23 qualifications fail because it was "incumbent on the [movant] to make a preliminary showing of their adequacy to serve as representatives of the putative class," and "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy ***from the outset*** of the lead plaintiff selection process." *Boeing*, 2019 WL 6052399, at *7 n.10; *see also Boeing II*, 2020 WL 476658, at *5 (rejecting movants' motion for reconsideration where movants had belatedly provided identifying information). In other words, Huang and Lu's failure to provide any of the necessary information in their initial motion and accompanying filings (despite the recent rulings in *Diebold Nixdorf*, *Boeing*, *Boeing II*, and *Qualcomm*) has already demonstrated their inattention to the responsibilities of a lead plaintiff and their inability to adequately represent the class. As such, Huang and Lu have failed to make threshold showings of adequacy and typicality as required by the PSLRA, and must be disqualified. *See Diebold Nixdorf*, 2019 WL 5587148, at *5-6.

> **B.      Dr. Singh Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

With Huang and Lu removed from consideration, Dr. Singh is the only movant capable of demonstrating the largest financial interest, adequacy, and typicality.

As an initial matter, with losses of approximately $553,131 in connection with his Class Period purchases of Canaan ADRs on a LIFO basis, *see* ECF No. 33-2, Dr. Singh suffered the largest losses of the remaining movants:

| MOVANT | CLAIMED LOSSES (LIFO)[6] |
|---|---|
| ~~Huang and Lu~~ | ~~$1,321,305~~ |
| **Dr. Singh** | **$553,131** |
| Paul Richards | $479,001 |
| ~~Chen Lin~~ | ~~$372,219~~ |
| ~~Sholim and Fanny Ginsburg~~ | ~~$285,755~~ |
| Xianfeng Zeng | $222,312 |
| Manu Gandhi | $151,418 |
| ~~Abram Grae~~ | ~~$101,048~~ |
| ~~Dr. Syed Ali~~ | ~~$77,651~~ |
| ~~Jason Raffin~~ | ~~$51,418~~ |

In addition to possessing the largest financial interest of the remaining movants, Dr. Singh, as demonstrated in his opening brief and accompanying declaration, *see* ECF Nos. 32 & 33-3, readily meets the applicable adequacy and typicality requirements under Rule 23. Indeed, unlike Huang and Lu, Dr. Singh has affirmatively demonstrated his commitment and ability to zealously prosecute this litigation for the benefit of the class. Among other things, Dr. Singh has:

- provided the Court with sufficient biographical information to confirm his identify (including his state of residence—New York; his profession—a Psychiatrist; and his educational background—a Doctor of Medicine degree from Shri Krishna Medical College in India), *see* ECF No. 33-3 ¶ 2;

---

[6]    LIFO is the preferred and most widely accepted methodology for calculating movants' financial interests. *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend . . . nationwide has been to use LIFO"). Competing movants' losses are taken from their respective filings. *See* ECF Nos. 47-2, 33-2, 18-2, 44-1, 27-3, 26-2, 21-3, 31-3, 37-3, 15-3.

- disclosed the process of his involvement in this action (including his interviewing of multiple law firms and negotiation of a competitive attorneys' fee agreement) and his familiarity with the facts of the case, *see id.* ¶¶ 3-6;

- explained his understanding of the substantial responsibilities of a lead plaintiff (including participating in depositions, settlement mediations, and hearings, and communicating regularly with counsel), *see id.* ¶ 8; and

- affirmed his commitment to satisfying those and other obligations and obtaining the greatest possible recovery for the class, *see id.*

This information is exactly the type of material courts use to assess movants'—"particularly individual investors[']"—ability "to make a prima facie showing of adequacy." *Boeing*, 2019 WL 6052399, at *5 (summarizing background information provided by movants).

Because there is no "proof" undermining Dr. Singh's established typicality and adequacy, Dr. Singh should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("[B]y statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'").

## C. The Remaining Motions Should Be Denied

Given that Dr. Singh has satisfied all the PSLRA's requirements for appointment as Lead Plaintiff, and each of the remaining movants asserts a smaller financial interest, *see supra* Section II.B., the Court need not consider the remaining competing motions. *See Longtop*, 2011 WL 4597553, at *8 ("[T]he inquiry can stop here."); *Cavanaugh*, 306 F.3d at 732 (stating that the

movant with the largest losses satisfying the typicality and adequacy requirements "is entitled to lead plaintiff status").

## III.    CONCLUSION

For the reasons stated herein, Dr. Singh respectfully requests that the Court: (1) appoint Dr. Singh as Lead Plaintiff: and (2) approve his selection of Kessler Topaz as Lead Counsel for the class.

DATED:  June 28, 2021                                    Respectfully submitted,

                                                                    **KESSLER TOPAZ**
                                                                    **MELTZER & CHECK, LLP**

                                                                    *S/ Naumon A. Amjed*
                                                                    Naumon A. Amjed
                                                                    Ryan T. Degnan
                                                                    Karissa J. Sauder
                                                                    280 King of Prussia Road
                                                                    Radnor, PA 19087
                                                                    Tel: (610) 667-7706
                                                                    Fax: (610) 667-7056
                                                                    namjed@ktmc.com
                                                                    rdegnan@ktmc.com
                                                                    ksauder@ktmc.com

                                                                    *Counsel for Mahinderjit Singh, M.D. and*
                                                                    *Proposed Lead Counsel for the Class*