**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANAAN INC., NANGENG ZHANG and TONG HE,<br><br>Defendants. | Case No: 1:21-cv-03299-JPC-SDA<br><br>CLASS ACTION |

**BILL LU AND LIYING HUANG'S**
**MEMORANDUM OF LAW IN REPLY TO COMPETING**
**MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

    A.    There Is No Dispute That Lu and Huang Have the Largest Financial Interest ....... 2

    B.    Lu and Huang Readily Satisfy the Adequacy Requirement Under Rule 23 ........... 3

    C.    All Competing Lead Plaintiff Motions Should be Denied ...................................... 6

    D.    Lu and Huang's Choice of Counsel Should be Approved ...................................... 6

CONCLUSION ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ............................ 4, 5

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-02268 (AT)(SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) .......................... 2

*Goldstein v. Puda Coal, Inc.*,
827 F. Supp. 2d 348 (S.D.N.Y. 2011) ..................................................................................... 6

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................... 6

*In re the Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .............................................. 3

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19-cv-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ................................................ 4

*In re Cloudera, Inc. Sec. Litig.*,
No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019)................................. 3

*In re Facebook, Inc.*,
288 F.R.D. 26 (S.D.N.Y. 2012)............................................................................................... 2

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ....................................................................................... 4, 5

*In re Host Am. Corp. Sec. Litig.*,
236 F.R.D. 102 (D. Conn. 2006).............................................................................................. 2

*In re KIT Digital, Inc. Sec. Litig.*,
293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................................ 1

*In re Sequans Commcn's S.A. Sec. Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018)..................................................................................... 5

*Jiehua Huang v. Airmedia Grp., Inc.*,
No. 1:15-cv-4966 (ALC), 2015 WL 10846763 (S.D.N.Y. Nov. 10, 2015) ............................ 5

*Karp v. Diebold Nixdorf, Inc.*,
19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ......................................... 4

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..5*Piven v. Sykes Enters., Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000). ...................................................................................... 5

*Tollen v. Geron Corp.*,
   No. C 20-00547 WHA, 2020 WL 2494570 (N.D.C.A. May 14, 2020)...................................... 5

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
   No. 17-cv-04732 VAP (KSx), 2017 WL 10667732 (C.D. Cal. Sept. 29, 2017)......................... 3

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... 1, 2

**PRELIMINARY STATEMENT**

Three competing motions for appointment as lead plaintiff remain before the Court, the motions of Bill Lu and Liying Huang (husband and wife) (ECF No. 45), movant Singh[1] (ECF No. 30), and movant Zeng (ECF No. 22).[2]  Zeng filed a short response acknowledging that he does not have the largest losses, and requesting that he be appointed should each of the higher "movants be found lacking, or their losses less than [Zeng] and therefore not appointed lead plaintiff."  ECF No. 56.  Thus, the only true competing motion was made by Singh, who does not contest the fact that Mr. Lu and Ms. Huang have sustained the largest financial loss.  Their losses are in fact over two times larger than those of Singh's.

The Private Securities Litigation Reform Action of 1995 (the "PSLRA") provides for appointment of the lead plaintiff with the "largest financial interest in the relief sought by the class, [and that] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), and here Mr. Lu and Ms. Huang have the largest financial interest.  In addition to demonstrating the largest financial interest (*see* ECF No. 47-2), Lu and Huang have demonstrated their typicality and adequacy by submitting a declaration explaining their willingness and ability to serve as lead plaintiffs (ECF No. 54-1).  As explained therein, Mr. Lu and his wife, Ms. Huang, are residents of Hong Kong with a combined seven years of investing experience.  *Id*. at ¶¶ 1-3.  Mr. Lu graduated from Guangdong University of Foreign Studies and is currently the Chief Executive Officer of Enjoy Media, and Ms. Huang holds a degree from

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Lu and Huang's opening memorandum (ECF No. 46).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2] Although Movants' opposition to the competing motions states there are six remaining competing movants (ECF No. 53 at 1), on June 28, 2021, Ali filed a notice of non-opposition to the competing motions (ECF No. 52).  Movants Richards and Gandhi did not submit any response or opposition.  *See, e.g.*, *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").

1

Guangdong Zhongkai Agricultural College and works with Prudential Insurance. *Id.* at ¶¶ 2-3. Lu and Huang's declaration also details their understanding of the requirements of serving as lead plaintiffs, and ability to manage counsel to ensure the effective and efficient prosecution of this Action. *Id.* at ¶¶ 6, 10-11. Therefore, Singh's sole argument against the appointment of Lu and Huang, that personal information was not provided, fails. Mr. Lu and Ms. Huang are entitled to appointment as Lead Plaintiff.

## ARGUMENT

### A. There Is No Dispute That Lu and Huang Have the Largest Financial Interest

As both Zeng and Singh concede in their oppositions, the PSLRA provides that the presumptive lead plaintiff is the plaintiff or group of plaintiffs that has the largest financial interest in the relief sought by the Class. ECF No. 55 at 2 and No. 56 at 1. *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (courts are to appoint as lead plaintiff the person or group of persons with the greatest financial stake in the outcome of the case, so long as they meet the requirements of Rule 23). "[T]he Court should consider the motions sequentially, from greatest to smallest loss, applying the presumption that the plaintiff with the greatest loss should be the lead plaintiff, unless and until that presumption is rebutted by a showing that that plaintiff does not meet the Rule 23 criteria." *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 105 (D. Conn. 2006). Lu and Huang have the "greatest financial interest" with LIFO losses of $1,321,305.38 (*see* ECF No. 47-2), losses exceeding Singh by $768,174.16, and thus are the presumptive lead plaintiff. *See* ECF No. 33-2.

With the largest financial loss, the presumption in favor of Lu and Huang can only be rebutted with proof of inadequacy or atypicality. *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012); 15 U.S.C. § 78u-4(a)(30(B)(iii)(II). The only purported "proof" provided by

Singh is that Mr. Lu and Ms. Huang did not initially provide enough personal information to satisfy him. Given that Mr. Lu and his wife subsequently provided sufficient personal information and detailed their dedication to managing the litigation (ECF No. 54-1), there is no sufficient "proof" to rebut their adequacy to act as lead plaintiff.

###   B.   Lu and Huang Readily Satisfy the Adequacy Requirement Under Rule 23

Singh argues that Lu and Huang are inadequate because they failed to provide enough personal information with their initial motion to satisfy him of their adequacy. Courts routinely find that lead plaintiff movants make a preliminary showing of typicality and adequacy at this stage without such information. *See, e.g., Malhotra v. Sonim Techs., Inc., et al.*, No. 19-cv-0614-MMC, ECF No. 52 at 2 (N.D. Cal. Jan. 22, 2020) (noting "such omission does not indicate a lack of adequacy," as "it is not the general practice to do so"); *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *8 (N.D. Cal. Dec. 16, 2019); *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at *6-8 (C.D. Cal. Sept. 29, 2017). Here, Lu and Huang willingly provided personal information regarding their adequacy to act as lead plaintiff prior to Singh's filing of his opposition. While Singh argues that any delay in providing such information past the lead plaintiff deadline is immediate cause for the Court to dismiss Lu and Huang from consideration, this is simply not the case.

Singh relies on a number of inapposite cases in arguing against Mr. Lu and Ms. Huang's adequacy. ECF No. 55 at 2-3; 5-10. The factual setting in *In re The Boeing Company Aircraft Securities Litigation* was completely different. No. 19-cv-02394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019). In *Boeing*, a movant family, the Wangs, not only ***refused to*** provide any personal information, but also claimed harassment by competing movants when they conducted an investigation in order to obtain that personal information. *Id.* Importantly, even the initial

3

refusal to provide or allow others to look into their personal lives and adequacy as lead plaintiff was not the dispositive factor in the court not appointing the Wangs, the information obtained by competing movant's investigation combined with the limited personal information the Wangs did finally provide directly called into question the veracity of the Wangs' losses. *Id*. Indeed, as noted by the court in denying the Wangs' motion for reconsideration, the Wangs "seemed determined to avoid having to [provide information about themselves]" and "[m]ore problematic still [was] the fact that the Wangs' trading records reflect that the loss charts the Wangs' submitted with their original declarations were patently incorrect" for which there was offered "no explanation." *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020).

In comparison here, Mr. Lu and Ms. Huang willingly, and without being asked to do so, submitted a declaration detailing personal background information about themselves, as well as their willingness and desire to actively oversee the litigation and pursue the maximum recovery possible for the Class. *See* ECF No. 54-1.[3]

In *In re Gemstar* (ECF No. 55 at 7), the movants not only failed to ***ever*** provide any personal information, but also had ***the lowest claimed losses*** of all remaining movants and therefore were not appointed for multiple reasons, none of which are applicable to the situation at hand. *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002). In *Qualcomm*, the movant not only failed to ***ever*** provide any personal information relating to his adequacy as a potential lead plaintiff but also submitted documents to the court that contained false statements as well as significantly misrepresented loss amounts. *Camp v. Qualcomm Inc.*, No. 18-

---

[3] Similarly, *Karp v. Diebold Nixdorf, Inc.* (ECF No. 55 at 2-3, 7), is also inapposite because Mr. Lu and Ms. Huang have provided their personal information. 19 Civ. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019). And, a significant factor in *Diebold Nixdorf,* not present here, was a loss miscalculation, in the initial moving papers. *Id.*

cv-1208-AJB-BLM, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019). And again, in *Piven v. Sykes Enterprises, Inc.*, the court chose not to appoint as lead plaintiff an institutional investor that refused to provide any information about itself including where it is located, what type of business it conducted, whether it was a foreign company, or who controlled it, and even opposed any discovery regarding its suitability to act as lead plaintiff. 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000).

As outlined above, the cases cited by Singh (ECF No. 55 at 2-3, 5-8), are inapposite to the current situation where Lu and Huang submitted a declaration outlining their personal information with their opposition. Courts have routinely accepted such a filing as satisfactorily meeting the requirements to establish adequacy as lead plaintiff. *See, e.g.*, *Tollen v. Geron Corp.*, No. C 20-00547 WHA, 2020 WL 2494570, at *3, *4 (N.D.C.A. May 14, 2020) (appointing a married couple who filed a declaration after a court order and distinguishing a late filing from *Qualcomm* and *Gemstar* where the movants never filed any personal information, noting, *inter alia*, that there "is no case law stating that a signed supplemental response submitted after the 60-day period delineated by the PSLRA belies the legitimacy and timeliness of the questionnaire, declaration, or of the related motion"); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4, *8 (S.D.N.Y. Mar. 13, 2018) (accepting that "group" was a married couple that was not made clear until their reply papers and also stating that if "a plaintiff files a timely motion within the sixty-day period but then files an amended motion after the period has elapsed, courts have accepted a motion as timely"); *Jiehua Huang v. Airmedia Grp., Inc.*, No. 1:15-cv-4966 (ALC), 2015 WL 10846763, at *2 (S.D.N.Y. Nov. 10, 2015) (rejecting timeliness and adequacy arguments and permitting subsequent declaration to contest competing movant's accusations); *In re Sequans Commcn's S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 423-24 (E.D.N.Y. 2018) (appointing a movant

5

group of two individuals as lead plaintiff who did not submit a joint declaration until the Reply); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) ("Although courts frequently require groups of plaintiffs to submit [personal] evidence [], the PSLRA does not require that any such evidence be submitted with the initial motion"); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (appointing a group of unrelated investors who submitted declarations with subsequent filings rather than their original motion for lead plaintiff).

### C.    All Competing Lead Plaintiff Motions Should be Denied

Lu and Huang have the largest financial interest in this Action, have made the *prima facie* showing of their typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing them lead plaintiff.  This alone is sufficient grounds for the Court to grant their motion and deny the competing motions for appointment as lead plaintiff.

### D.    Lu and Huang's Choice of Counsel Should be Approved

The Court should also approve Lu and Huang's selection of Bragar Eagel & Squire, P.C. ("BES") as lead counsel for the putative class.  Competing movants do not dispute that BES is qualified to represent the Class.  As demonstrated in Mr. Lu and Ms. Huang's opening motion and opposition (ECF No. 46 at 10-11 and ECF No. 53 at 8-9), BES is highly experienced in securities and class action litigation and will prosecute the Action effectively and expeditiously.  *See also* ECF No. 47-4 (firm résumé).

### CONCLUSION

Based on the foregoing, Mr. Lu and Ms. Huang respectfully request that the Court: (1) appoint Bill Lu and Liying Huang as Lead Plaintiffs on behalf the Class; (2) approve their selection of BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

6

DATED: July 6, 2021

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Marion C. Passmore*
Marion C. Passmore
Lawrence P. Eagel
Melissa A. Fortunato
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-6121
Facsimile:  (212) 214-0506
Email:  passmore@bespc.com
Email:  eagel@bespc.com
Email:  fortunato@bespc.com

*Counsel for Movants and Proposed*
*Lead Counsel for the Class*

7

## CERTIFICATE OF SERVICE

I, Marion C. Passmore, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 6th day of July, 2021.

*/s/ Marion C. Passmore*
Marion C. Passmore

8