## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANAAN INC., NANGENG ZHANG and TONG HE,<br><br>Defendants. | Case No. 1:21-cv-03299-JPC-SDA |

**MAHINDERJIT SINGH, M.D.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL,
AND IN OPPOSITION TO THE COMPETING MOTION**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.   ARGUMENT.................................................................................................................3

    A.   Dr. Singh's Financial Interest, Adequacy, and Typicality Are Not
        Disputed ...........................................................................................................3

    B.   Huang and Lu's Additional Filings Further Confirm that They
        Have Failed to Satisfy the PSLRA's Requirements ................................................3

        1.   Huang and Lu's Declaration Is Untimely ....................................................4

        2.   Huang and Lu's Declaration Is Deficient ....................................................6

III.   CONCLUSION.............................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019)...........................................................................5

*Digisound-WIE, Inc. v. Bestar Techs., Inc.*,
No. 07 C 6535,
2008 WL 2095605 (N.D. Ill. May 16, 2008)..........................................................................7

*Eli Lilly & Co. v. Arch Ins. Co.*,
No. 1:13-cv-01770-LJM-TAB,
2017 WL 2930571 (S.D. Ind. July 10, 2017)......................................................................6, 7

*Karp v. Diebold Nixdorf, Inc.*,
Nos. 19 Civ 6180(LAP), *et al.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)......................................................................3, 5

*In re Korean Air Lines Co., Ltd. Antitrust Litig.*,
Nos. MDL 07-01891 SJO (AGRx), *et al.*,
2013 WL 12216516 (C.D. Cal. Dec. 6, 2013) ....................................................................2, 7

*Lopez Canas v. Whitaker*,
No. 6:19-cv-06031-MAT,
2019 WL 2287789 (W.D.N.Y. May 29, 2019).......................................................................3

*Micholle v. Ophthotech Corp.*,
Nos. 17-CV-210 (VSB), *et al.*,
2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ..................................................................... 7-8

*Ostrow v. GlobeCast Am. Inc.*,
No. 10-61348-CIV.,
2011 WL 4853568 (S.D. Fla. Oct. 13, 2011)..........................................................................7

*Sabra, as next friend of Baby M v. Pompeo*,
453 F. Supp. 3d 291 (D.D.C. 2020) ..................................................................................... 6-7

*In re the Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ................................................................1, 2, 4

*In re the Boeing Co. Aircraft Sec. Litig.*,
No. 19-cv-02394,
2020 WL 476658 (N.D. Ill. Jan. 28, 2020)..........................................................................4, 5

**Statutes**

15 U.S.C. § 78u-4(a)(2) ..........................................................................................................5

28 U.S.C. § 1746..........................................................................................................2, 6, 7

**Other Authorities**

*Time Zone in Hong Kong, Hong Kong*, TIMEANDDATE.COM,
    https://www.timeanddate.com/time/zone/hong-kong/hong-kong................................................6

Mahinderjit Singh, M.D. respectfully submits this reply in further support of his motion for appointment as Lead Plaintiff (ECF No. 30) and in response to the opposition brief filed by the lone competing lead plaintiff movants Huang and Lu[1] (ECF No. 53).[2]

## I.    INTRODUCTION

Dr. Singh is the "most adequate plaintiff" and should be appointed Lead Plaintiff. No movant has questioned any aspect of Dr. Singh's financial interest, adequacy, or typicality.

In contrast, Huang and Lu failed to establish their qualifications under the PSLRA by the June 14, 2021 statutory deadline and now make a belated (yet unsuccessful) attempt to remedy their defective application. Specifically, although recent case law has made it clear that movants, especially individuals, must provide "some" information about themselves beyond their PSLRA certifications in order to make threshold showings of typicality and adequacy—a requirement that nearly every other movant met here[3]—Huang and Lu's initial filings omitted this critical information. *See, e.g.*, *In re the Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019) ("Although it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, . . . to do so a movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively." (emphasis in original)). Two weeks after the PSLRA deadline expired, Huang and Lu now provide a

---

[1]    All other movants have withdrawn their motions, filed notices of non-opposition to competing motions, or failed to file response briefs opposing the competing motions. *See* ECF Nos. 48, 49, 50, 51, 52, 56. Accordingly, Huang and Lu are the only movants opposing Dr. Singh's motion.

[2]    Unless otherwise noted, all references to "ECF No. __" are to docket entries in the above-captioned action, all capitalized terms are defined in Dr. Singh's opening and opposition briefs, *see* ECF Nos. 32 & 55, all emphasis is added, and all internal quotation marks and citations are omitted.

[3]    *See* ECF No. 55 at 7 n.4 (summarizing information provided by the vast majority of movants in this case).

declaration[4] attempting to remedy their defective motion.  The Declaration, for the very first time—and without explaining why this information was not provided by the statutory deadline— discloses information about Huang and Lu's residence, backgrounds, and purported ability to serve as lead plaintiff.  However, "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy *from the outset* of the lead plaintiff selection process."  *Boeing*, 2019 WL 6052399, at \*7 n.10.  Accordingly, the Declaration comes too late and cannot salvage Huang and Lu's motion.  *See id.*

In addition to being untimely, the Declaration is inadmissible.  Here, Huang and Lu state that they "currently reside in Hong Kong." *See* ECF No. 54-1 ¶¶ 2-3.  Yet the Declaration is not executed "under penalty of perjury *under the laws of the United States of America*," as clearly required by 28 U.S.C. § 1746(1).  The omission of this language for declarants located outside of the United States is a critical error necessitating the rejection of the Declaration.  *See, e.g.*, *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, Nos. MDL 07-01891 SJO (AGRx), *et al.*, 2013 WL 12216516, at \*2 (C.D. Cal. Dec. 6, 2013) (striking declarations that did not specify that they were made "under the laws of the United States of America").  These compounding mistakes further demonstrate Huang and Lu's inadequacy to represent the class.

There are no such concerns about Dr. Singh, and there is no justification to saddle the class with a deficient lead plaintiff given that Dr. Singh is indisputably a suitable movant.  Therefore, Dr. Singh's motion should be granted, and Huang and Lu's motion should be denied.

---

4       *See* ECF No. 54-1 (the "Declaration").

## II.     ARGUMENT

### A.     Dr. Singh's Financial Interest, Adequacy, and Typicality Are Not Disputed

As noted in his prior filings, Dr. Singh suffered substantial losses of approximately $553,131 in connection with his purchases of Canaan ADRs during the Class Period.  *See* ECF Nos. 33-2; 55 at 10-11.  Additionally, Dr. Singh satisfies the PSLRA's requirements, including typicality and adequacy under Rule 23, and has established his commitment to fulfilling the responsibilities of a lead plaintiff.  *See* ECF Nos. 32 at 3-8; 55 at 10-12.  Huang and Lu do not make any arguments challenging Dr. Singh's qualifications, conceding that there is no impediment to his appointment as Lead Plaintiff under the PSLRA.  *See Lopez Canas v. Whitaker*, No. 6:19-cv-06031-MAT, 2019 WL 2287789, at *4 (W.D.N.Y. May 29, 2019) ("It is well settled in the Second Circuit that a party's failure to provide argument on a point or claim at issue constitutes abandonment thereof.").

### B.     Huang and Lu's Additional Filings Further Confirm that They Have Failed to Satisfy the PSLRA's Requirements

In contrast to Dr. Singh's undisputed qualifications, Huang and Lu missed the statutory deadline to establish their adequacy and typicality under the PSLRA by failing to provide any information whatsoever about their qualifications to lead this litigation with their motion.  *See Karp v. Diebold Nixdorf, Inc.*, Nos. 19 Civ. 6180(LAP), *et al.*, 2019 WL 5587148, at *5-6 (S.D.N.Y. Oct. 30, 2019) (stating that movants "need to provide enough information to make a preliminary showing of adequacy under Rule 23").  Huang and Lu, without explaining why this information was not provided by the statutory deadline, attempt to remedy their defective application by now submitting the Declaration.  However, Huang and Lu's attempt to provide the information that was missing from their initial filings is both untimely and deficient, and does not establish their adequacy or typicality.  Accordingly, Huang and Lu's motion should be denied.

### 1.    Huang and Lu's Declaration Is Untimely

First, the Declaration, submitted after the PSLRA's deadline for lead plaintiff motions, cannot belatedly satisfy Rule 23's requirements.

*Boeing* is again instructive.  There, the family with the largest financial interest failed to provide information about their identities and qualifications in their initial lead plaintiff filings. The court rejected the idea that the movants could belatedly provide this information, holding that "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy ***from the outset*** of the lead plaintiff selection process." *Boeing*, 2019 WL 6052399, at *7 n.10.  Indeed, when the disqualified *Boeing* movants later requested reconsideration on the basis that the court should have accepted their tardy attempts to provide the missing information, the court held that "[i]t was not the Court's duty to offer a do-over to the [movants] to bolster their deficient presentation" and that "***it is the applicant's burden to make a prima facie showing of adequacy***."  *In re the Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *3 (N.D. Ill. Jan. 28, 2020) ("*Boeing II*").

As in *Boeing*, Huang and Lu's failure to provide ***any*** information regarding their identities and qualifications ***by the statutory deadline*** demonstrates their inadequacy: if they were adequate to represent the class, they would have understood "the need to make a more fulsome preliminary showing of adequacy ***from the outset*** of the lead plaintiff selection process."[5]  *Boeing*, 2019 WL 6052399, at *7 n.10.  Do-overs are not permitted under the PSLRA and Huang and Lu's "production of this information now only highlights the fact that they chose not to make any of this information . . . available previously."  *Boeing II*, 2020 WL 476658, at *2.

---

[5]    *See supra* note 3 (noting that nearly every other movant *did* understand this requirement and provided the necessary information in their initial filings).

Under the PSLRA's three-step process for selecting a lead plaintiff, Huang and Lu were required to make *prima facie* showings of their adequacy and typicality "based on the pleadings and declarations [they] submit[ted]," ***prior to*** competing movants' attempts to rebut those showings. *Id.* (citing *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)). Huang and Lu failed to make *prima facie* showings that are capable of being rebutted. *See id.* ("The Court's conclusion that the [movants] failed to make a *prima facie* showing that they would be adequate representatives of the class was not based on [rebuttal] information supplied by [competing movants]; it was based on the [movants'] motion and declarations, which provided virtually no information about the [movants]."); *Diebold Nixdorf*, 2019 WL 5587148, at *5-6 (finding that movants who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation" failed "to make a preliminary showing of adequacy under Rule 23"); *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (disqualifying a movant who "failed to include any basic details about himself, including where he lives or who he is specifically ***in his motion***").

Moreover, any argument by Huang and Lu that the PSLRA only requires movants to submit certifications with just the narrow information required by the statute, *see* 15 U.S.C. § 78u-4(a)(2), and nothing else, would be misplaced. As explained by *Boeing II*, "[t]he statute makes such certifications a prerequisite to making an application to serve as lead plaintiff; if those certifications sufficed as a *prima facie* showing of adequacy, the statute's adequacy criterion for presumptive status would be entirely unnecessary." 2020 WL 476658, at *3. Clearly, submitting only the certification is insufficient to meet ***all*** the criteria for appointment under the PSLRA. *See id.*

5

Accordingly, Huang and Lu's untimely attempt to provide the necessary information that was missing entirely from their initial filings fails to establish their adequacy and typicality, and their motion must be denied.

### 2.    Huang and Lu's Declaration Is Deficient

Second, even if the Declaration was not untimely, it is deficient and should be rejected. Specifically, Huang and Lu made their declaration pursuant to 28 U.S.C. § 1746, which requires unsworn declarations executed outside the United States to contain "substantially" the following language: "I declare . . . under penalty of perjury *under the laws of the United States of America* that the foregoing is true and correct." 28 U.S.C. § 1746(1).[6] Here, the Declaration states that Huang and Lu "currently reside in Hong Kong." *See* ECF No. 54-1 ¶¶ 2-3. Further, the time stamps on their electronic signatures show that they signed the Declaration in GMT+8. *See id*. at 5, 6. Hong Kong is located within the GMT+8 time zone. *See Time Zone in Hong Kong, Hong Kong*, TIMEANDDATE.COM, https://www.timeanddate.com/time/zone/hong-kong/hong-kong. Inexplicably, however, the Declaration fails to include the language necessary to be effective if executed outside of the United States and is signed as if it was executed *inside* of the United States. *See* ECF No. 54-1 at 5, 6 (using language for declarations executed within the United States).

Section 1746's requirements are not insignificant: they are necessary to establish that declarants outside the United States have subjected themselves to U.S. perjury laws and that their declarations are true. *See Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 WL 2930571, at *6 (S.D. Ind. July 10, 2017). "The absence of this language is critical." *Id.* Accordingly, courts routinely reject affidavits and declarations that were executed outside the

---

[6]    Declarants inside the United States are not required to include this language. *See* 28 U.S.C. § 1746(2).

United States but omitted language required by Section 1746.  *See, e.g.*, *Sabra, as next friend of Baby M v. Pompeo*, 453 F. Supp. 3d 291, 322 & 322 n.11 (D.D.C. 2020) (finding insufficient a declaration that was signed outside of the United States and did not contain the words "under the laws of the United States of America"); *Arch Ins. Co.*, 2017 WL 2930571, at *6 (striking affidavits that did "not comply with the requirements of 28 U.S.C. § 1746" because they did not "substantially state that they were made pursuant to the penalties of perjury 'under the laws of the United States of America'"); *Korean Air Lines*, 2013 WL 12216516, at *2 (striking declarations that did not specify that they were made "under the laws of the United States of America"); *Ostrow v. GlobeCast Am. Inc.*, No. 10-61348-CIV., 2011 WL 4853568, at *4 n.4 (S.D. Fla. Oct. 13, 2011) ("[T]he . . . declarations omit the one necessary item for declarations sworn outside the United States that does not exist for those sworn within the United States: an acknowledgement that the declarant is subject to the laws of perjury **of the United States**.  Consequently, the . . . declarations do not substantially comply with Section 1746(1) and should be stricken." (emphasis in original)); *Digisound-WIE, Inc. v. Bestar Techs., Inc.*, No. 07 C 6535, 2008 WL 2095605, at *2 (N.D. Ill. May 16, 2008) (refusing to consider an affidavit executed outside the United States because it did not "include the phrase 'under the laws of the United States of America,' or any substantially similar statement").

Huang and Lu failed to comply with the requirements of 28 U.S.C. § 1746 by omitting critical language the statute explicitly requires, and their untimely Declaration should be rejected as deficient.  Moreover, this clear error further demonstrates Huang and Lu's inadequacy to manage a complex class action with a multitude of important statutory requirements.  *See, e.g.*, *Micholle v. Ophthotech Corp.*, Nos. 17-CV-210 (VSB), *et al.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (finding that errors in a movant's submissions "militate against appointment and

7

render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement"). Accordingly, their motion should be rejected, and Dr. Singh—who has none of these deficiencies—should be appointed Lead Plaintiff in this action.

## III.   CONCLUSION

For the reasons stated herein, Dr. Singh respectfully requests that the Court: (1) appoint Dr. Singh as Lead Plaintiff: and (2) approve his selection of Kessler Topaz as Lead Counsel for the class.

DATED:  July 6, 2021                                Respectfully submitted,

                                                   **KESSLER TOPAZ
                                                     MELTZER & CHECK, LLP**

                                                   *S/ Naumon A. Amjed*
                                                   Naumon A. Amjed
                                                   Ryan T. Degnan
                                                   Karissa J. Sauder
                                                   280 King of Prussia Road
                                                   Radnor, PA 19087
                                                   Tel: (610) 667-7706
                                                   Fax: (610) 667-7056
                                                   namjed@ktmc.com
                                                   rdegnan@ktmc.com
                                                   ksauder@ktmc.com

                                                   *Counsel for Mahinderjit Singh, M.D. and
                                                   Proposed Lead Counsel for the Class*

8