UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JASON DENNY, *individually and on behalf of all others* :
*similarly situated*,                                              :      OPINION
                                                                   :      AND ORDER
                      Plaintiff,                                          :
                                                                   :
       -v-                                                        :
                                                                   :      21 Civ. 3299 (JPC)
CANAAN, INC., NANGENG ZHANG, and TONG HE,                          :
                                                                   :
                      Defendants.                                         :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Presently before the Court are motions to appoint a lead plaintiff and approve the selection of class counsel in a putative class action under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5.  For reasons stated below, the Court grants Bill Lu and Liying Huang's motion to be appointed lead plaintiff and grants their motion for approval of lead counsel.

## I. Background

      This putative class action is brought on behalf of purchasers of American Depositary Receipts ("ADRs") of Canaan, Inc., a designer, manufacturer, and seller of bitcoin mining machines, between February 10, 2021 and April 9, 2021.  Dkt. 1 ("Complaint") ¶¶ 1, 2.  According to Complaint, Canaan is organized under the laws of the Cayman Islands, is headquartered in the People's Republic of China, and has its ADRs listed on the NASDAQ Global Market.  *Id.* ¶ 2.

      The Complaint alleges that on February 10, 2021, the day after Canaan's then-Chief Financial Officer ("CFO") suddenly resigned without explanation, Canaan issued a press release that lauded improvements in Canaan's visibility into increases in the size and quality of its orders.

*Id.* ¶¶ 3, 21-22. These promising statements came about two-and-one-half months after that former CFO announced that Canaan had "received a large number of pre-sale orders" for mining machines, which were "scheduled for delivery starting in the fourth quarter of 2020." *Id.* ¶ 3 (emphasis removed); *see id.* ¶ 20. The financial market allegedly reacted positively to the February 10, 2021 press release, reflected by a substantial rise in the price of Canaan ADRs. *Id.* ¶¶ 3, 23. But according to the Complaint, Canaan's encouraging statements about its business metrics and financial prospects were materially false and misleading. *Id.* ¶ 4. Canaan allegedly concealed that supply chain disruptions and the introduction of next-generation machines, which harmed sales of older Canaan products, led to a revenue collapse in the second half of 2020 and, as a result, the company was not on track to achieve the strong financial results that it had led the market to expect. *Id.* ¶¶ 4, 25.

Canaan allegedly then issued a press release on April 12, 2021 that accurately disclosed the company's financial results from the fourth quarter of 2020 and that fiscal year, "including a 93% year-over-year decrease in computing power sold and net revenues for the quarter." *Id.* ¶ 5; *see id.* ¶ 26 (quoting the April 12, 2021 press release). The Complaint alleges that this April 12, 2021 release and information provided in an investor call that morning resulted in a decline in the market price of Canaan ADRs with an unusually high volume of trading. *Id.* ¶ 28 ("On this news, the market price of Canaan ADRs collapsed from their close of $18.67 per ADR on April 9, 2021 to close to $13.14 per ADR on April 12, 2021 . . . .").

On April 15, 2021, Jason Denny filed the Complaint, individually and on behalf of all others similarly situated, against Canaan and two Canaan executives. *Id.* ¶¶ 10-12.[1] The Complaint

---

[1] The Complaint alleges that Defendant Nangeng Zhang is Canaan's Chief Executive Officer and the Chairman of its Board of Directors, and that Defendant Tong He is Canaan's CFO, and has served in that role since the former CFO's resignation on February 9, 2021. Complaint

alleges that Defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as well as Securities and Exchange Commission Rule 10b-5. *Id.* ¶¶ 38-43.

On June 14, 2021, ten individuals or groups of individuals filed motions for appointment as lead plaintiff and approval of their selection of lead counsel: (1) Jason Raffin; (2) Paul Richards; (3) Manu Gandhi; (4) Xianfeng Zeng; (5) Sholim and Fanny Ginsburg; (6) Abram Grae; (7) Mahinderjit Singh; (8) Syed Ali; (9) Chen Lin; and (10) Bill Lu and Liying Huang. Dkts. 13, 16, 19, 22, 23, 28, 30, 35, 41, 45. Six of those movants—Raffin, Zeng, the Ginsburgs, Grae, Ali, and Lin—subsequently withdrew their motions or filed statements of non-opposition to alternatives. Dkts. 48-52, 56. Richards and Gandhi did not respond and are "therefore considered to have abandoned [their] motion[s]." *Kasilingam v. Tilray, Inc.*, No. 20 Civ. 3459 (PAC), 2020 WL 4530357, *1 n.1 (S.D.N.Y. Aug. 6, 2020). The two remaining candidates are Singh and the group of Lu and Huang.

Lu and Huang initially filed only the certification required by 15 U.S.C. § 78u-4(a)(2), without additional information about their backgrounds. Dkt. 47 ("First Passmore Decl."), Exh. 1. Singh, on the other hand, filed both the certification and a declaration describing his occupation, education, investment experience, choice of counsel, and understanding of the responsibilities of lead plaintiff. Dkt. 33 ("Amjed Decl."), Exhs. A, C. On June 28, 2021, Lu and Huang filed a supplementary declaration with similar information. Dkt. 54 ("Second Passmore Decl."), Exh. 1. On July 12, 2021, Lu and Huang filed an updated version of that declaration adding that they swore to the truth and correctness of their statements "under the penalty of perjury under the laws of the United States of America." Dkt. 59 ("Third Passmore Decl."), Exh. 1 at 4-5.

---

¶¶ 11, 12.

## II. Appointment of Lead Plaintiff

### A. Legal Standard

The Private Securities Litigation Reform Act ("PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that "the most adequate plaintiff" to serve as lead plaintiff is the person or group that (1) "filed the complaint or made a motion in response to a notice" that informed members of the purported class about the action; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I).

With regard to the second requirement, the PSLRA does not delineate how to calculate which plaintiff has the "largest financial interest." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008). In order to make this calculation, many courts in this District look to the factors that make up the so-called *Olsten-Lax* Test: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* at 437; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 437 (internal quotations and citation omitted).

As for the third requirement of the PSLRA, Rule 23 enumerates four prerequisites for a class: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties

4

are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.* (alteration adopted) (internal quotations and citation omitted).

The presumption that the plaintiff with the largest financial interest will serve as lead plaintiff may be rebutted upon a showing that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B. Discussion**

Singh does not contest that Lu and Huang timely moved for appointment as lead plaintiff and have the largest financial interest. Dkt. 55 ("Singh Supplemental Brief") at 5. And the Court finds that Lu and Huang satisfy both of these considerations under the PSLRA. First, Lu and Huang moved to be appointed lead plaintiff within sixty days of the published notice. First Passmore Decl., Exh. 3; *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), (a)(3)(A)(i)(II). Second, Lu and Huang allegedly suffered $1,321,305.38 in losses, First Passmore Decl., Exh. 2, giving them the largest financial interest in this case. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Court is unaware of any other person or entity that may have a larger financial interest, and no party has so argued. A review of the filings in support of the other motions confirms this. *See* Dkt. 14 at 2 (alleging losses of $51,417.57); Dkt. 17 at 6 (alleging losses of $479,001.10); Dkt. 20 at 5 (alleging losses of

$151,418.29); Dkt. 24 at 2 (alleging losses of $222,311.72); Dkt. 25 at 5 (alleging losses of $285,755.34); Dkt. 31 at 5 (alleging losses of $101,047.55); Dkt. 32 at 1 (alleging losses of $553,131.00); Dkt. 37-3 (alleging losses of $77,651.18); Dkt. 43 at 1 (alleging losses of $372,219). Because Lu and Huang meet the first two factors, there is a rebuttable presumption that they are the "most adequate" lead plaintiff so long as they "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Singh argues, though, that Lu and Huang failed to show that they could satisfy Rule 23's typicality and adequacy requirements. Singh Supplemental Brief at 4. "Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436 (internal quotation and citation omitted). Adequacy means that "there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants," "the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation," and "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* (internal quotations and citations omitted).

Singh advances two arguments for why Lu and Huang have not made the requisite adequacy and typicality showing. First, he contends that Lu and Huang failed to provide sufficient information to show their adequacy or typicality before the sixty-day deadline to move to be named lead plaintiff.[2] Singh Supplemental Brief at 2-4, 5-9; *see* 15 U.S.C. § 78u-4 (a)(3)(A)(i)(II). As noted, Lu and Huang filed two declarations after the sixty-day deadline, which provided additional

---

[2] Some courts fault plaintiffs who "provide[] the Court with little to go on with respect to their alleged capacity to manage [the] litigation" besides the statutory certification, *see, e.g., Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180 (LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), while others reject the necessity of such information in all contexts, *see, e.g., Kasilingram*, 2020 WL 4530357, at *3.

information as to their background, investment experience, choice of counsel, and understanding of their responsibilities if selected as lead plaintiff. *See* Second Passmore Decl.; Third Passmore Decl. Singh objects to the Court's consideration of this additional information. *See* Dkt. 58 ("Singh Reply") at 4-6.

The threshold issue is thus whether it is appropriate for the Court to consider the additional information provided by Lu and Huang subsequent to the filing of their motion. The Court concludes that it is. Courts in this district have previously considered documents filed after the initial motion for appointment as lead plaintiff as relevant to deciding the motion. *See, e.g., Chahal v. Credit Suisse Grp., A.G.*, No. 18 Civ. 2268 (AT) (SN), 2018 WL 3093965, at *5-6 (S.D.N.Y. June 21, 2018); *Micholle v. Ophthotech Corp.*, No. 17 Civ. 210 (VSB), 2018 WL 1307285, at *4, 8 (S.D.N.Y. Mar. 13, 2018); *Huang v. Airmedia Grp. Inc.*, No. 15 Civ. 4966 (ALC), 2015 WL 10846763, at *2 (S.D.N.Y. Nov. 10, 2015); *Chao Lu v. Jumei Intern. Holding Ltd.*, No. 14 Civ. 9826 (WHP), 2015 WL 4104570, at *2 (S.D.N.Y. June 22, 2015).

In response, Singh primarily relies on *In re Boeing Co. Aircraft Securities Litigation*, No. 19 Civ. 2394 (JJT), 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019). Singh Reply at 4-5. The unusual facts of *Boeing*—in which a family (the "Wang Family") with a "modest working-class lifestyle" supposedly "invested $40 million in Boeing stock" and moved to be appointed lead plaintiff—are far from those of this case. *Id.* at *5, 5 n.8. And in any case, the *Boeing* court *did* consider supplemental information provided subsequent to the Wang Family's motion, but found that information did not "permit the court to make an informed judgment as to their adequacy to serve as Lead Plaintiff and to the bona fides of their claimed investments in Boeing stock." *Id.* at *8; *see, e.g., id.* at *7 (discounting a supplemental declaration from the Wang Family merely maintaining that their investment money was obtained through "hard work, savings and investments"). That

7

supplemental information was offered in reply to concerns another plaintiff raised about the sparseness of the original papers, *see In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394 (JJT), 2020 WL 476658, at *2 (N.D. Ill. Jan. 28, 2020), a situation analogous to Lu and Huang's supplemental submissions here.  The district court in *Boeing* rejected only *post-decision* supplemental information that the Wang Family filed in support of reconsideration. *Id.* at *5.

Having considered the information provided by Lu and Huang in their supplemental declarations, the Court finds that the additional information supports their adequacy to serve as lead plaintiff.  Lu is a business executive, while Huang works in insurance.  Both have investment experience, are college graduates, and live in Hong Kong.  Third Passmore Decl., Exh. 1 ¶ 2-3.  They describe their choice of counsel and commitment to obtaining the maximum recovery for the class.  *Id.* at ¶¶ 6-11.  Notably, Singh provides no reason to believe that Lu and Huang are atypical, have conflicts of interest, selected subpar counsel, or lack an interest in vigorous prosecution.  Singh Reply at 4-8; *see In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436.

Second, Singh faults Lu and Huang for failing to sign their first supplemental declaration "under penalty of perjury under the laws of the United States," as 28 U.S.C. § 1746 requires for unsworn declarations signed abroad.  Singh Reply at 6-8.  Instead, the declaration stated that Lu and Huang signed "pursuant to 28 U.S.C. § 1746, under the penalty of perjury."  Second Passmore Decl., Exh. 1 at 4-5.  Section 1746, however, requires "substantial[]" compliance, and the declaration cited the relevant federal statute and stated that it was sworn under penalty of perjury.  Courts have approved identical or substantially similar language.  *See, e.g.*, *BHL Boresight, Inc. v. Geo-Steering Solutions, Inc.*, No 15 Civ. 627 (MH), 2017 WL 3634215, *3-4 (S.D. Tex. Aug. 24, 2017) (citing *Powell v. Profile Design, LLC*, 838 F. Supp. 2d 535, 540 (S.D. Tex. 2012)); *Metcalf v. Bay Ferries Ltd.*, 937 F. Supp. 2d 147, 149 (D. Mass. 2013); *Matsuda v. Wada*, 101 F. Supp. 2d

1315, 1322-23 (D. Haw. 1999). But in any case, on July 12, 2021, Lu and Huang filed another version of their declaration, which they signed "pursuant to 28 U.S.C. § 1746, under the penalty of perjury under the laws of the United States of America." Third Passmore Decl., Exh. 1 at 4-5. While significant errors in a submission seeking to establish adequacy can "militate against appointment," *Micholle*, 2018 WL 1307285, at *9, the Court does not find that this issue renders Lu and Huang inadequate for purposes of Rule 23.

Lu and Huang thus have made a "preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436. Because they also meet 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)'s other requirements, as discussed above, there is "a presumption that [they are] the most adequate plaintiff[s]." No party has rebutted that presumption, and the Court is aware of no facts that would. Accordingly, the Court appoints Lu and Huang as lead plaintiff in this action.

### IV. Approval of Selection of Lead Counsel

Pursuant to the PSLRA, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *Pirelli*, 229 F.R.D. at 420. Lu and Huang have selected Bragar Eagel & Squire P.C. and seek the Court's approval of this selection. Dkt. 46 at 10-11.

Marion C. Passmore of Bragar Eagel & Squire submitted a declaration in support of appointment as well as her firm's résumé. First Passmore Decl., Exh. 4. The résumé sets forth Brager Eagel & Squire's experience in securities class actions, and references more than ten recent actions in which the firm served as the lead plaintiff's counsel, co-lead counsel, or institutional plaintiff's counsel in securities class actions. *Id.* at 4-6. The résumé also shows the firm's substantial experience acting for plaintiffs in Delaware derivative and merger litigation, *id.* at 2-4,

9

6-7, and provides descriptions of the experiences and educational backgrounds of each of the firm's attorneys, *id.* at 13-17. Having reviewed these materials, the Court concludes that Brager Eagel & Squire is qualified to serve as lead counsel in this matter, and, accordingly, approves Lu and Huang's selection of counsel.

## V.  Conclusion

For the reasons stated above, Lu and Huang's motion for appointment as lead plaintiff is granted, as is their motion for approval of their selection of Brager Eagle & Squire, P.C. as lead counsel. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 13, 16, 19, 22, 23, 28, 30, 35, 41, and 45.

The Court further grants Lu and Huang, as lead plaintiff, leave to file a consolidated amended complaint by January 7, 2022. Defendants shall answer or otherwise respond to the consolidated amended complaint by January 28, 2022.

SO ORDERED.

Dated: December 9, 2021
New York, New York

JOHN P. CRONAN
United States District Judge