**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-03299 (JPC) |
| Plaintiff, | |
| -against- | |
| CANAAN INC., NANGENG ZHANG, AND TONG HE, | |
| Defendants. | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CANAAN INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Evidence 201, Defendant Canaan Inc. ("Canaan") respectfully requests that the Court take judicial notice of and consider each of the following documents referenced in the Declaration of Daniel L. Cantor ("Cantor Declaration") in support of Canaan's Motion to Dismiss the Amended Class Action Complaint ("AC"):

1.  A press release titled, "Canaan Inc. Reports Unaudited Third Quarter 2020 Financial Results," issued by Canaan and dated November 30, 2020, which is incorporated by reference in Plaintiff's AC, (*see* AC ¶¶ 6, 28, 33), *available at* https://www.globenewswire.com/news-release/2020/11/30/2136226/0/en/Canaan-Inc-Reports-Unaudited-Third-Quarter-2020-Financial-Results.html, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 1.

2.  Canaan's Form F-1 Registration Statement filed with the SEC on October 28, 2019, *available at* https://www.sec.gov/Archives/edgar/data/1780652/000119312519276263/d773846df1.htm, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 2.

1

RJN ISO MOTION TO DISMISS

3. Canaan's American depository share (ADS) historical stock data, as listed on Nasdaq's website, *available at* https://www.nasdaq.com/market-activity/stocks/can/historical, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 3.

4. A press release titled, "Canaan Announces Improved Revenue Visibility in 2021," issued by Canaan and dated February 10, 2021, which is incorporated by reference in Plaintiff's AC, (*see* AC ¶¶ 4, 32, 34), *available at* https://www.globenewswire.com/news-release/2021/02/10/2172977/0/en/Canaan-Announces-Improved-Revenue-Visibility-in-2021.html, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 4.

5. Bitcoin's historical stock data, as listed on Nasdaq's website, *available at* https://www.nasdaq.com/market-activity/cryptocurrency/btc/historical, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 5.

6. A news article titled, "Canaan CEO Is Bullish on Bitcoin Mining Ahead of Earnings," published by *Decrypt* on April 9, 2021, which is incorporated by reference in Plaintiff's AC, (*see* AC ¶¶ 7, 36), *available at* https://decrypt.co/65932/canaan-ceo-is-bullish-on-bitcoin-mining-ahead-of-earnings, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 6.

7. A press release titled, "Canaan Inc. Reports Unaudited Fourth Quarter and Full Year 2020 Financial Results," issued by Canaan and dated April 12, 2021, which is incorporated by reference in Plaintiff's AC, (*see* AC ¶¶ 9, 39, 54), *available at* https://www.globenewswire.com/news-release/2021/04/12/2208025/0/en/Canaan-Inc-Reports-Unaudited-Fourth-Quarter-and-Full-Year-2020-Financial-Results.html, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 7.

RJN ISO MOTION TO DISMISS

8.   Canaan's Form 6-K reporting First-Quarter 2021 Financial Results, filed with the SEC on June 1, 2021, *available at* https://investor.canaan-creative.com/static-files/be08cc07-1d5b-4132-ad86-780c20c381ff, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 8.

9.   A transcript of Canaan's April 12, 2021 earnings call titled "Canaan Inc. (CAN) CEO Nangeng Zhang on Q4 2020 Results – Earnings Call Transcript," which is incorporated by reference in Plaintiff's AC, (*see* AC ¶ 40), *available at* https://seekingalpha .com/article/4418688-canaan-inc-can-ceo-nangeng-zhang-on-q4-2020-results-earnings-call-transcript, a true and correct copy of which is attached to the Cantor Declaration as Exhibit 9.

## ARGUMENT

In considering a motion to dismiss, a court may look outside the complaint and consider documents incorporated by reference in the complaint and matters of which judicial notice may be taken, without converting the motion to dismiss into a motion for summary judgment. *See Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016); *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y 2002). A court may take judicial notice of facts "not subject to a reasonable dispute" because they are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**A. Canaan's November 30, 2020 Press Release (Exhibit 1); February 10, 2021 Press Release (Exhibit 4); April 12, 2021 Press Release (Exhibit 7); the April 9, 2021 *Decrypt* News Article (Exhibit 6); and the April 12, 2021 Earnings Call Transcript (Exhibit 9)**

Plaintiff's Section 10(b) claim is based, in part, on separate press releases issued by Canaan on November 30, 2020, February 10, 2021, and April 12, 2021; an April 9, 2021 *Decrypt*

3

RJN ISO MOTION TO DISMISS

news article titled, "Canaan CEO Is Bullish on Bitcoin Mining Ahead of Earnings"; and an April 12, 2021 earnings call transcript discussing Canaan's fourth-quarter 2020 results.  In the AC, Plaintiff makes clear, definite, and substantial references to the three press releases, news article, and earnings call transcript.  *See* AC ¶¶ 4, 6–7, 9, 28, 32-34, 36, 39–40, 54.  For completeness and accuracy, the Court should consider Exhibits 1, 4, 6, 7, and 9 in their entirety and in context for purposes of Canaan's Motion to Dismiss under the incorporation by reference doctrine. *Thomas*, 232 F. Supp. 2d at 275; *see also Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (news articles explicitly identified and quoted from in a complaint were incorporated by reference).

Additionally, the Court may take judicial notice of the November 30, 2020, February 10, 2021, and April 12, 2021 press releases because they are matters of public record not reasonably subject to dispute.  *E.g.*, *Mitchell v. Home*, 377 F. Supp. 2d 361, 367 n.1 (S.D.N.Y. 2005) ("[T]his Court may take judicial notice of [the press release] as a matter of public record."); *In re PXRE Grp. Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 518 n.9 (S.D.N.Y. 2009) ("The Court takes judicial notice of the entirety of the press releases issued by [defendant]…on the ground that…there is no dispute regarding the authenticity, accuracy, or relevance of these press releases.").  The press releases were also filed with the SEC, also making them the proper subjects of judicial notice.  *Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 273 n.3 (S.D.N.Y. 2012) ("[T]he Court can take judicial notice of SEC filings.").  The Court may also take judicial notice of the April 9, 2021 *Decrypt* news article, *Staehr v. Hartford Fin. Servs. Grp. Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases where courts took judicial notice of press coverage for the fact that those articles contained certain information), and the April 12, 2021 earnings call transcript, *e.g.*, *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F.

4

Supp. 3d 196, 205 (S.D.N.Y. 2018) (proper to take judicial notice of earnings call transcripts to which complaint refers).

**B.  ADS Historical Stock Data (Exhibit 3) and Bitcoin Historical Stock Data (Exhibit 5)**

Courts in the Second Circuit also routinely take judicial notice of historical stock prices of companies.  *E.g.*, *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 37 n.1 (2d Cir. 2012) ("We are entitled to take judicial notice of well publicized stock prices without converting the motion to dismiss into one for summary judgement"); *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 165 n.8 (2d Cir. 2000) (collecting cases).  Canaan's ADS historical stock data, as reflected in Exhibit 3, is thus the proper subject of judicial notice.  The stock price of a cryptocurrency is no different from historical stock prices of companies, so long as the cryptocurrency stock price is one that is well-publicized.  *See Acticon*, 962 F.3d at 37 n.1. Bitcoin is well-publicized on the Nasdaq website.  Accordingly, Bitcoin's historical price data, as reflected in Exhibit 5, is the proper subject of judicial notice.

**C.  Canaan's Registration Statement (Exhibit 2) and First-Quarter 2021 Financial Results (Exhibit 8)**

Courts in the Second Circuit also routinely take judicial notice of public disclosure documents filed with the SEC.  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (there is no serious question as to the authenticity of documents required to be filed with the SEC); *Richman*, 868 F. Supp. 2d 261, 273 n.3 (S.D.N.Y. 2012) (taking judicial notice of SEC filings).  Canaan's Form F-1 Registration Statement (Exhibit 2) and Canaan's Form 6-K reporting First-Quarter 2021 Financial Results (Exhibit 8) are both publicly available statements filed with the SEC, making notice proper.

RJN ISO MOTION TO DISMISS

**CONCLUSION**

Based on the foregoing, Canaan respectfully requests that the Court take judicial notice of all of the document referenced above and consider them in deciding Canaan's Motion to Dismiss.

Dated:  April 8, 2022                         Respectfully submitted,

*/s/ Daniel L. Cantor*
Daniel L. Cantor
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone: (212) 326-2000
Email: dcantor@omm.com

William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Email: wpao@omm.com

*Attorneys for Defendant Canaan Inc.*

6

RJN ISO MOTION TO DISMISS