**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON DENNY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CANAAN INC., NANGENG ZHANG and TONG HE, <br><br> Defendants. | Case No.: 1:21-cv-03299-JPC-SDA <br><br> **CLASS ACTION** <br><br> JURY TRIAL DEMENDED |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT CANAAN INC.'S REQUEST FOR JUDICIAL NOTICE**

Dated:  June 7, 2022

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
Melissa A. Fortunato
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
Email:  eagel@bespc.com
           fortunato@bespc.com
           passmore@bespc.com

*Lead Counsel for Lead Plaintiffs*
*and the Proposed Class*

Lead Plaintiffs Bill Lu ("Lu") and Liying Huang ("Huang," and together, "Plaintiffs") respectfully submit this Memorandum of Law in Opposition to Defendant Canaan Inc.'s ("Canaan," the "Company," or "Defendant") Request for Judicial Notice in support of Canaan's Motion to Dismiss the amended class action complaint (the "Request" or "RJN").[1]

## I.    PRELIMINARY STATEMENT

Defendant requests that the Court take judicial notice of nine documents in support of its motion to dismiss pursuant to the Federal Rule of Evidence 201 and/or under the incorporation of reference doctrine. RJN at 3. The Request includes irrelevant and extraneous documents that are neither referenced in the Complaint, nor integral to its allegations, and asks the Court to accept the contents of documents as true. In doing so, Defendant seeks to avoid the requirement that, on a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations must be taken as true, and a court must construe all inferences in plaintiffs' favor. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Canaan's Request exemplifies what courts have universally condemned, abusive use of exhibits in securities actions where a defendant has protection of the Private Securities Litigation Reform Act of 1995. As the Ninth Circuit recently held:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. If defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to***

---

[1] All references to "¶__" are to the Amended Class Action Complaint (the "Complaint") (ECF No. 65). All references to "DB" or "Motion to Dismiss" are to Canaan's memorandum of law in support of Canaan's motion to dismiss the complaint (ECF No. 70). Unless otherwise noted, capitalized terms shall have the same meanings as ascribed to them in the Complaint, emphasis is added, and internal quotations and citations are omitted.

> *demonstrate a sufficiently "plausible" claim for relief.* Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018). Here, Defendant asks the court to consider documents under the guise of judicial notice and then uses the documents to create a counter-narrative contradicting the well-plead factual allegations in the Complaint. The Court should deny Defendant's Request as to Exhibits 2, 3, 5, and 8 and disregard Defendant's improper counter-narrative usage in the Motion to Dismiss.

## II.   ARGUMENT

Generally, on a motion to dismiss for failure to state a claim, the court may not consider any extraneous material outside of the complaint. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Narrow exceptions do exist. "[U]nder Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of facts that are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). In addition, a district court may consider documents integral to a plaintiff's claim. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). However, a court may not "rel[y] on [extraneous] materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in its complaint." *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006) (emphasis in original). And, while a document may be judicially noticed for its existence, it may not be noticed for the truth of the matters asserted therein. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Defendant's Motion to Dismiss attaches and relies upon several documents that Plaintiffs' neither mention in the Complaint nor relied upon in drafting it. Exhibits 2, 3, 5, and 8 are used solely for

2

the improper purpose of presenting a factual counter-narrative and should not be considered by the Court.[2]

Exhibit 2, Canaan's Registration Statement, is not only irrelevant, but only used by Defendant to state that Canaan had warned investors that its share price has experienced significant fluctuations.  DB at 4.  Likewise, Exhibit 8, a press release filed with the SEC after the Class Period reporting on Canaan's first quarter 2021 financial results is also outside of the Class Period and only used to support a self-serving version of the facts and offer a competing scienter theory, that the prepayment orders in fact helped Canaan achieve profitability, although notably not for the fourth quarter 2020 as alleged in Complaint.  DB at 6, 19.

SEC filings are only admissible "to indicate what was in the public realm at the time, not whether the contents of those [filings] were in fact true."  *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015).  Exhibit 2 was issued over a year prior to the Class Period and Exhibit 8 was not in existence at all and therefore was certainly not "in the public realm at the time" of the Complaint's allegations.  *See also Hall v. Johnson & Johnson*, C.A. No. 18-1833 (FLW), 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining to take notice of FDA website excerpts because "post-date[s] the Class Period" and "has minimal relevance to the claims at issue"); *In re PTC Therapeutics, Inc., Sec. Litig.*, Civ. No. 16-1124 (KM) (MAH), 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period SEC filings of defendant company).

Thus, Defendant's single purpose in requesting notice is for the Court to accept the truth of the matters asserted which the Court cannot do.  *See, e.g.*, *Tellabs*, 551 U.S. at 322 (opposing

---

[2]  The remainder of the documents proffered by Defendant as Exhibits 1, 4, 6, 7, and 9 are press releases and a conference call transcript referenced in the Complaint.  As such, this Court can take judicial notice of the date each was filed and of its contents, namely what words were set forth therein, but similar to those documents discussed herein, not to present a factual counter-narrative.

3

inferences may only be drawn from the facts alleged in the complaint); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 289 (S.D.N.Y. 2013) (declining to take judicial notice of document as defendants only relied on "for the truth of matters asserted in them" to offer competing scienter theory).

Exhibits 3 and 5 are historical stock data for Canaan and Bitcoin, respectively.  As with the SEC filings above, the only purpose for these documents is to create a counter-narrative with Defendant attempting to show, for example, that Canaan's stock price merely tracked bitcoin prices and its volatility, and not Canaan's company-specific information, in order to call into question the Complaint's alleged omissions.  DB at 5.  It is well-recognized that the most effective way to determine whether an omission inflated the price of a company's stock "is to observe what happens when the truth is finally disclosed[.]"  *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 255 (2d Cir. 2016).  Here, Canaan's stock price plummeted nearly 30% when the true state of affairs was revealed.  ¶ 41.  Defendant's assertions regarding the cause of Canaan's stock price movement during the Class Period to defeat the Complaint's falsity allegations is an improper request for the Court to consider the truth of the matter and judicial notice should be denied.  *Kinross*, 957 F. Supp. 2d at 288 (declining to take notice of gold-mining costs as defendants assert relation to company and the court cannot take judicial notice of "causal link"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829-30 (N.D. Cal. 2019) (denying request for judicial notice of stock indices as "would permit Defendants to 'short-circuit the resolution of a well-pleaded claim.'  The question at this stage is not are there other explanations for Facebook's stock price falling but whether Plaintiffs adequately stated a claim for securities fraud."); *In re HomeBanc Corp. Sec. Litig.*, 706 F. Supp. 2d 1336, 1341 n.1 (N.D. Ga. 2010) (taking judicial notice of financial crisis but "not that the crisis caused the decline in HomeBanc's stock price").

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Request be denied

as to Exhibits 2, 3, 5, and 8 and the Court disregard the portions of Defendant's Motion to Dismiss

relying on those documents.


Dated:  June 7, 2022                                    Respectfully submitted,

                                                       **BRAGAR EAGEL & SQUIRE, P.C.**

                                                       */s/ Lawrence P. Eagel*
                                                       Lawrence P. Eagel
                                                       Melissa A. Fortunato
                                                       Marion C. Passmore
                                                       810 Seventh Avenue, Suite 620
                                                       New York, New York 10019
                                                       Telephone: (212) 308-5858
                                                       Facsimile: (212) 214-0506
                                                       Email:  eagel@bespc.com
                                                               fortunato@bespc.com
                                                               passmore@bespc.com

                                                       *Lead Counsel for Lead Plaintiffs*
                                                       *and the Proposed Class*